[No. 9275-5-III.   Division Three.   June 22, 1989.]

THE STATE OF WASHINGTON, *Appellant,* v. EDWARD D. PEPPER, *Respondent.*

*Dennis DeFelice, Prosecuting Attorney,* for appellant.

*Robert Thompson,* for respondent.

PER CURIAM.—The State appeals the Superior Court's grant of 38 days' good time credit to Edward Pepper for the 112 days he spent in the Franklin County Jail prior to sentencing to the Department of Corrections. The State contends the court did not have statutory authority to grant good time credit. We agree and reverse.

The statutes authorizing "good time" credit are former RCW 9.92.150 and RCW 9.94A.150. Former RCW 9.92.150 states:

> The sentencing judge of the superior court and the sentencing judge of courts of limited jurisdictions shall have authority and jurisdiction whereby the sentence of a prisoner, *sentenced to imprisonment in their respective county jail,* may be reduced by up to one–third for good behavior.

(Italics ours.) Former RCW 9.94A.150 states in part:

> No person serving a sentence imposed pursuant to this chapter shall leave the confines of the *correctional facility* or be released prior to the expiration of the sentence except as follows:
> (1) . . . the terms of the sentence may be reduced by earned early release time in accordance with procedures developed and promulgated by the *department.* The earned early release time shall be for good behavior and good performance, as determined by the department. In no case shall the aggregate earned early release time exceed one–third of the sentence.

(Italics ours.)

■ Neither former RCW 9.92.150 nor RCW 9.94A.150 give the sentencing judge authority to grant good time credit for prisoners sentenced to the Department of Corrections. The authority to grant good time credit to Mr.

Pepper for the time he was incarcerated in the county jail prior to being sentenced to the Department of Corrections resides in the Department rather than the superior court. *In re Mota,* 54 Wn. App. 252, 773 P.2d 129 (1989).

Accordingly, we reverse and remand to the Department of Corrections for a determination of Mr. Pepper's good time credit.

Reversed and remanded.