[No. 11526-7-III. Division Three. June 9, 1992.]

*In the Matter of the Personal Restraint of* WARREN F. SCHAUPP, *Petitioner.*

*Paul J. Wasson,* for petitioner.

*Dennis J. DeFelice, Prosecuting Attorney for Franklin County; Jack Burchard, Prosecuting Attorney for Okanogan County,* and *Stephen P. Traylor, Deputy; Donald C. Brockett, Prosecuting Attorney for Spokane County,* and *John Grasso, Deputy;* and *Kenneth O. Eikenberry, Attorney General,* and *Kathleen D. Mix* and *John M. Jones, Assistants,* for respondents.

THOMPSON, J. — In this personal restraint petition, Warren Schaupp challenges the amount of credit he was given for time spent in the Franklin County and Spokane County Jails. For the reasons discussed below, we grant in part and deny in part.

Defendant was arrested and jailed in Franklin County on August 24, 1990, for delivery of a controlled substance. He pleaded guilty on September 18 and was sentenced to 36 months.

On September 20, defendant was transferred from Franklin County Jail to Spokane County Jail pursuant to a warrant issued August 14.[1] Bond was set at $10,000, but not

---

[1] On July 11, 1990, an information was filed in Spokane County charging defendant with two counts of delivery of a controlled substance and one count of possession. He was released on his own recognizance, with conditions.

posted. Defendant was arraigned October 23 and trial was set for November 19. According to the State, defendant remained in jail until November 19 on the Spokane charges, at which time the first of the three charges was dismissed and the second was reduced to possession of a legend drug. No mention is made as to the disposition of the third charge.

Defendant pleaded guilty to possession of a legend drug, a misdemeanor. On December 10 he was convicted, sentenced to 30 days in jail, and given credit for 30 days already served. The sentencing order states "Defendant has served 30 days in jail solely on this/these charge(s). The defendant is to be released to D.O.C." As of December 10, defendant had been confined in Spokane County for a period of 81 days. Defendant remained in Spokane County Jail until January 17, 1991, at which time he was transported to the Department of Corrections (DOC), Walla Walla.

Franklin County certified to DOC that defendant served 23 days in their facility (Category 1 time) and earned 4 days' early release credit (good-time credit). Accordingly, DOC gave defendant credit for 27 days. No credit was certified or given for the 2 days spent in Franklin County after sentencing (Category 2 time). No credit was given for the 51 days spent in the Spokane County Jail from September 20 to December 10 (Category 3 time), nor was credit given for the time defendant spent in Spokane County during the period December 10 to January 17 (Category 4 time).

The defendant contends he should have been credited with all presentence and postsentence time spent in both county jails pursuant to former RCW 9.94A.120(13).[2] In addition, he contends he is entitled to good-time credit in an amount equal to one-third of all time spent. He cites RCW

---

[2]Former RCW 9.94A.120(13):

"The sentencing court shall give the offender credit for all confinement time served before the sentencing if that confinement was solely in regard to the offense for which the offender is being sentenced." (RCW 9.94A.120 was amended by Laws of 1991, ch. 221, § 2. Former RCW 9.94A.120(13) is now RCW 9.94A.120(14)).

9.94A.150(1) and *In re Mota*, 114 Wn.2d 465, 788 P.2d 538 (1990) in support of the latter contention.

Franklin County contends it properly certified to DOC that defendant served 23 days' presentence confinement and was entitled to 4 days' good-time credit. The authority to grant good-time credit rests with DOC. *State v. Pepper*, 54 Wn. App. 583, 774 P.2d 557 (1989).

Spokane County contends defendant is not entitled to credit for time spent in Spokane awaiting disposition of the Spokane County charges and cites *In re Phelan*, 97 Wn.2d 590, 597, 647 P.2d 1026 (1982) (*Phelan* I). If any credit is due, Spokane County contends it is limited to the period after December 10 when defendant was being held only on his DOC sentence.

DOC contends it credited defendant with 23 days of jail time and 4 days of earned early release time as certified by Franklin County. It states it has no information, outside the pleadings, regarding how much jail time defendant spent in Spokane and is not the proper respondent. Nevertheless, DOC admits the constitutional guaranty against double jeopardy requires that punishment already exacted must be fully credited toward a subsequent sentence. *State v. Phelan*, 100 Wn.2d 508, 515, 671 P.2d 1212 (1983) (*Phelan* II).

Category 1 Time. All parties cite former RCW 9.94A-.120(13), which provides that when a person is convicted of a felony:

> The sentencing court shall give the offender credit for all confinement time served *before the sentencing* if that confinement *was solely* in regard to the offense for which the offender *is being sentenced.*

(Italics ours.)

By its terms, subsection (13) applies to presentence confinements for felonies. Here, there appears to be no dispute that defendant was confined in Franklin County on August 24, 1990, in connection with the felony possession charge. He was convicted and sentenced on September 18. He was entitled to credit for each day confined prior to sentencing. Former RCW 9.94A.120(13). Although defendant and the

parties (except, perhaps, defendant's counsel) calculate the time at 23 days, it appears defendant served 25 days. As to this category of time, the actual days of confinement need only be corrected and recertified by Franklin County, as necessary.

Category 2 Time. Defendant remained in Franklin County for 2 additional days after sentencing and before transfer to the Spokane County Jail on September 20. The sentencing order provided that commencing September 18, defendant shall serve a term of 36 months in the custody of DOC. Defendant is clearly entitled to credit for the 2 postsentence days of confinement in Franklin County. *E.g.*, *Phelan* I; *Phelan* II.

Category 3 Time. According to Spokane County, defendant's confinement on September 20 was the result of pending charges against him in Spokane County for which he was unable to post bond. Pursuant to *Phelan* I, Spokane County argues that no credit should be given to defendant for time served between September 20 and December 10.

*Phelan* I divided the time at issue into four categories: (1) between arrest and guilty plea; (2) between guilty plea and sentencing;[3] (3) as a condition of probation after sentencing; and (4) while awaiting hearing. As to the last category, *Phelan* I held credit must be given for confinement while awaiting hearing, but only to the extent the time served is exclusively on the "principal underlying charge".

> Under the reasoning of *Reanier* [*v. Smith*, 83 Wn.2d 342, 517 P.2d 949 (1974)] and [*State v. Hultman*, 92 Wn.2d 736, 600 P.2d 1291 (1979)], it would seem petitioner is entitled to no credit for the time he served in jail while awaiting his revocation hearing. None of the considerations of due process, equal protection, or multiple punishments arising in *Reanier* and *Hultman* appear as to this category of jail time since petitioner was serving time on the Clark County charges — not on the principal underlying charge.

*Phelan* I, 97 Wn.2d at 597.

*Phelan* II involved the issue of credit against maximum and mandatory minimum sentences for presentence incar-

---

[3]Presentence credit is discussed *supra*.

ceration and postsentence probationary jail time. *Phelan* II noted that any distinction between presentence and post-sentence incarceration had been rejected in *Phelan* I, and a defendant must be given credit for all time served "in connection with a conviction for which he or she is eventually sentenced to prison" and the credit must apply to all aspects of the defendant's sentence. *Phelan* II, 100 Wn.2d at 517.[4]

■ Here, defendant was sentenced on December 10 to 30 days on the Spokane County charge and given credit for 30 days already served. His confinement in the Spokane County Jail from September 20 to December 10, less 30 days, was confinement in connection with his Franklin County conviction, not his Spokane County conviction.[5] Although defendant had the right to post bond, he would not have been released if he had. Since only 30 days of the confinement in Spokane were related to the Spokane charges, *Phelan* I and II require that defendant be credited for 51 of the 81 days of Category 3 time.[6]

Category 4 Time. The Spokane County sentencing order specifically provided that defendant was to be released to

---

[4]Although *Phelan* I and II were decided under Washington's indeterminate sentencing scheme, the concept at issue is included in the Sentencing Reform Act of 1981 (SRA).

[5]Additional support for the conclusion is found, indirectly, in RCW 9.94A.170 which provides that a term of confinement is tolled by any period of time during which the offender has absented him or herself from confinement *without* the prior approval of the entity in whose custody the offender has been placed. It also provides that a partial confinement term is tolled during any period of time spent in total confinement pursuant to a new conviction or pursuant to sanctions for violation of sentence conditions on a separate felony conviction. By omission, it would seem a term of confinement is not tolled during the time a defendant remains confined on the underlying felony conviction, awaiting trial on a new charge.

[6]The court was aware of defendant's Franklin County conviction and could have ordered a consecutive sentence without regard to the Sentencing Reform Act of 1981, since the SRA does not apply to misdemeanors. RCW 9.94A.010; *State v. Tu Nam Song*, 50 Wn. App. 325, 748 P.2d 273 (1988).

DOC. Therefore, all time served from December 10 to January 17 (Category 4 time) must be credited against defendant's sentence on the Franklin County felony.

Earned Early Release Credit. Defense counsel contends that, pursuant to RCW 9.94A.150(1)[7] and *In re Mota, supra,* defendant is entitled to early release credit equal to one-third of *all* time served.

 Defendant is entitled to good-time credit in connection with the 25-day presentence and 2-day postsentence confinement in Franklin County as well as all time he was confined in Spokane County, minus 30 days. RCW 9.94A.150(1); *Mota; In re Chatman,* 59 Wn. App. 258, 796 P.2d 755 (1990).[8] Each correctional agency having had jurisdiction of defendant must determine the amount of earned early release time in accordance with procedures developed and promulgated by that agency. RCW 9.92.151. These procedures must meet equal protection and due process scrutiny. *See, e.g., Mota.*

---

[7]RCW 9.94A.150(1) provides:

"Except as otherwise provided for in subsection (2) of this section, the term of the sentence of an offender committed to a correctional facility operated by the department, may be reduced by earned early release time in accordance with procedures that shall be developed and promulgated by the correctional agency having jurisdiction in which the offender is confined. The earned early release time shall be for good behavior and good performance, *as determined by the correctional agency having jurisdiction.* The correctional agency shall not credit the offender with earned early release credits in advance of the offender actually earning the credits. Any program established pursuant to this section shall allow an offender to earn early release credits for presentence incarceration. *If an offender is transferred from a county jail to the department of corrections, the county jail facility shall certify to the department the amount of time spent in custody at the facility and the amount of earned early release time.* In the case of an offender convicted of a serious violent offense or a sex offense that is a class A felony committed on or after July 1, 1990, the aggregate earned early release time may not exceed fifteen percent of the sentence. In no other case shall the aggregate earned early release time exceed one-third of the total sentence". (Italics ours.)

[8]The felony at issue was committed on or about August 24, 1990, and RCW 9.94A.150(1) applied to felonies committed on or after July 1, 1990.

When a defendant is sentenced to DOC, the authority to grant good-time credit for presentence jail time resides in DOC. *State v. Pepper*, 54 Wn. App. 583, 774 P.2d 557 (1989). DOC gave defendant 4 days of good-time credit based on a 23-day confinement, the amount certified to DOC by Franklin County. We question, however, how Franklin County arrived at this amount. Since defendant had not been convicted of a serious violent offense or a sex offense, he was entitled to earn early release time in an amount up to one-third of his total sentence. RCW 9.94A.150(1); RCW 9.92.151. Unless defendant disqualified himself by some action of which we are unaware, Franklin County has failed to properly certify the amount of early release time to which defendant is entitled. Allowing less than one-third credit would constitute a denial of equal protection insofar as a defendant, while detained in one county, cannot be treated differently from a defendant similarly detained in another county. *See In re Mota, supra,* and cases cited therein.

We grant defendant's petition as follows:

1. Franklin County shall certify and DOC shall credit defendant with all time served in Franklin County;

2. Spokane County shall certify and DOC shall credit defendant with all time served in Spokane County, minus 30 days;

3. Franklin County shall determine early release credit earned for good behavior and good performance on all days defendant was confined in the county jail in accordance with its established policies and DOC shall credit defendant accordingly;

4. Spokane County shall determine early release credit earned for good behavior and good performance on all days defendant was confined in the county jail *exclusive* of the 30 days served on the Spokane County misdemeanor charge.

We grant petitioner's personal restraint petition in part and direct this matter to DOC, Spokane County and Franklin County for action in accordance with this opinion.

SHIELDS, C.J., and MUNSON, J., concur.