[No. 32190-1-I.   Division One.   December 30, 1993.]

*In the Matter of the Personal Restraint of*
CHAD M. CROMEENES, *Petitioner.*

*Suzanne Lee Elliott* of *Washington Appellate Defender Association,* for petitioner.

*David R. Needy, Prosecuting Attorney,* and *K. Garl Long, Deputy; Christine O. Gregoire, Attorney General,* and *John Jones, Assistant,* for respondent.

BAKER, J. — Chad Cromeenes challenges the constitutionality of Skagit County Jail's good-time policy, which allows only 5 days' "good time" for every 30 days served. He further challenges the policy of precluding inmates who face potential prison sentences from earning an additional 5 days' "earned time" per 30 days served. We find no constitutional violation, and deny relief.

. FACTS

Cromeenes was convicted of two counts of second degree burglary and one count of robbery. He was sentenced to a 17-month term on the burglary convictions and a consecutive 13-

month term on the robbery conviction. He filed this personal restraint petition while incarcerated in the Skagit County Jail, after conviction on the burglary charges and while awaiting trial on the robbery charge.

When petitioner was transferred from Skagit County Jail to the jurisdiction of the Department of Corrections (DOC), Skagit County certified 79 days of incarceration and 12 days of earned early release time.[1] The County awards credit against the sentence for one-sixth (5 days for every 30 days served) of time served to inmates who do not misbehave (good time), and an additional one-sixth for trusty and work programs (earned time). Only inmates who are sentenced to the county jail, rather than prison, are eligible for earned time. The County concedes that petitioner did not lose any credit for misbehavior and was not eligible for earned time.

The DOC awards 10 days per 30 days served "good-conduct time", if an inmate exhibits good behavior and does not commit serious infractions. Additionally, a felon can earn 5 days per 30 days served "earned time" for participating in programs consistent with his or her case management plan, such as work, academics, or substance abuse counseling. Together, good-conduct time and earned time comprise earned-release time, which may be up to half (15 days per 30 days served) of the time served.[2] In no case may the aggregate-earned release time exceed one-third of the total sentence.

I

The sole issue presented is whether Skagit County's award of earned-release time violates equal protection because it is less than the full statutory maximum awarded by the DOC.

---

[1]Petitioner's early-release credit has since been recalculated after an error in the Skagit County certification was discovered. Petitioner will now receive 27.2 days' good-time credit and 136 days' credit for time served.

[2]Although it is half the *time served*, the maximum possible early release is one-third of an inmate's total *sentence*. *See In re Williams*, 121 Wn.2d 655, 659, 853 P.2d 444 (1993).

RCW 9.94A.150(1)

divides authority to grant good time[3] between the county jails and the Department [of Corrections]. While an offender is confined in the county jail, his or her award of good time is to be determined in "accordance with procedures . . . developed and promulgated" by the jail. When the offender is confined by the Department, his or her award of good time is to be determined in "accordance with procedures . . . developed and promulgated" by the Department. If an offender is transferred from the jurisdiction of the county jail to the Department, the Department receives a certification from the county jail regarding the award of good time to that offender.

*In re Williams*, 121 Wn.2d 655, 660, 853 P.2d 444 (1993).

Petitioner maintains that his constitutional rights were violated by the disparate earned-release time policies of the Skagit County Jail and the DOC. Since he was not sentenced to Skagit County Jail, he was not eligible for the work and trusty programs which could have earned him an additional one-sixth earned time, on top of his one-sixth good time. Therefore, he was awarded early-release time certification of only one-sixth of the time he served in the Skagit County Jail while awaiting sentencing. Had he ultimately been sentenced to Skagit County Jail, or served that time under the jurisdiction of the DOC, he would have been eligible for more earned early-release time. He maintains that he should be awarded credit for half the time served in Skagit County Jail, which is the statutory maximum of one-third his total sentence.

■ Equal protection requires that persons similarly situated receive like treatment. *In re Mota,* 114 Wn.2d 465, 473, 788 P.2d 538 (1990) (citing *Harmon v. McNutt,* 91 Wn.2d 126, 130, 587 P.2d 537 (1978)). Equal protection and due process considerations require that the DOC give indigent prisoners who cannot make bail good-time credit for time served in county jail awaiting sentencing. *Mota,* 114 Wn.2d at 467. Equal protection requires an effort to minimize the

---

[3]The Supreme Court in *Williams* refers to all earned early release time as "good time", rather than distinguishing between good time and earned time, which together comprise earned early release time.

disparate treatment between those detained pretrial and those not detained when possible. *Williams*, 121 Wn.2d at 665.

In *Mota* the equal protection issue was the constitutionality of denying good-time credits to an indigent petitioner who could not afford to make bail and was thus confined to the county jail, for which there was no good-time credit, prior to sentencing. After this court decided *Mota*, the statute on good time was amended to specifically authorize county jails to grant good time. *See* RCW 9.94A.150(1); *Williams*, 121 Wn.2d at 663.

■ Here, the equal protection classification is not based on wealth, as it was in *Mota*. The petitioner does not claim that he was confined in jail due to indigency. He was released on bail after his first arrest, but bail was revoked upon his re-arrest. Since the classification is not based on wealth or a suspect class, the proper scrutiny for testing the constitutionality of the Skagit County ordinance is the rational basis test. Under this test, the County's policy must be rationally related to a legitimate, articulated purpose. *Mota*, 114 Wn.2d at 473 (citing *McGinnis v. Royster*, 410 U.S. 263, 35 L. Ed. 2d 282, 93 S. Ct. 1055 (1973)).

Skagit County argues that the legitimate purpose of the policy is to help control jail inmates. The County points out that it is responsible for ensuring that inmates do not escape from the jail while awaiting trial and sentencing. The DOC has no such concerns, so distinguishing between inmates confined to the Skagit County Jail and those actually or potentially destined for state prison serves a legitimate, even substantial, state interest. In addition, Skagit County argues that it has a legitimate interest in controlling its inmates by using the one-sixth earned time as inducement for good behavior on the part of its inmates. The County cannot exceed one-third early-release time, so it needs to reserve some earned time and not give the full one-third as good time. The County points out that petitioner's argument would require the jail to treat presentence inmates more

favorably than inmates sentenced to jail since the sentenced inmates must engage in "affirmative conduct" to earn their full one-third sentence reduction.

▉▉ The Supreme Court recently recognized the impor- . tance of good time in relation to prison discipline. *Williams*, 121 Wn.2d at 661. The statute reflects the importance of the disciplinary role of good time, by granting control over good time to the institution in which the offender is actually incarcerated. *Williams*, 121 Wn.2d at 662. In addition, the needs of the justice system in assuring the presence of the defendant at trial are deemed sufficient to justify the application of bail and presentence incarceration, even if equal protection concerns are raised by the inability of an indigent to post bail. *Williams*, 121 Wn.2d at 665 (citing *Bell v. Wolfish*, 441 U.S. 520, 534, 60 L. Ed. 2d 447, 99 S. Ct. 1861 (1979)).

We conclude that Skagit County's system of good-time allocation is constitutional.[4]

We deny the petition.

PEKELIS, A.C.J., and FORREST, J., concur.

---

[4]A collateral issue not raised here is the constitutionality of disparate earned release policies among the various counties. Division Three indicated that such disparities may be unconstitutional, citing *Mota. In re Schaupp*, 66 Wn. App. 45, 52, 831 P.2d 156 (1992) (allowing less than one-third good-time credit would constitute a denial of equal protection insofar as a defendant, while detained in one county, cannot be treated differently from a defendant similarly detained in another county) (citing *In re Mota*, *supra*, and cases cited therein). However, *Mota* never reaches that issue, and *Schaupp* does not explain its reasoning. The Supreme Court specifically refused to consider it. *Williams*, 121 Wn.2d at 667. Since that issue is not presented here, we will not consider it.