[No. 60020-6-I.   Division One.   September 2, 2008.]

*In the Matter of the Personal Restraint of* KAIL ERNEST ERICKSON, *Petitioner.*

---

*Nancy P. Collins* (of *Washington Appellate Project*), for petitioner.

*Robert M. McKenna, Attorney General,* and *Ronda D. Larson, Assistant,* for respondent.

¶1 Cox, J. — In this personal restraint petition, Kail Erickson contends the Department of Corrections (DOC) failed to credit him for all "good time" to which he is legally entitled.[1] He bases his claim on the sentencing court's decision to credit him with "368 days served . . . solely for confinement" for convictions of second degree burglary and second degree possession of stolen property. He also contends that the procedure here violated his constitutional

---

[1] We use "good time" for the statutory phrase "earned release time" in RCW 9.94A.728. *See In re Pers. Restraint of Williams,* 121 Wn.2d 655, 658, 853 P.2d 444 (1993).

rights to due process, to equal protection, and to be free from double jeopardy.[2]

¶2 The jail certification at issue here correctly states the amount of presentence time Erickson actually served, 98 days, for the second degree burglary and the second degree possession of stolen property convictions. That certification also correctly awards Erickson 49 days of earned good time credit. Pursuant to governing law, DOC adjusted its records to conform to the sentencing court's ruling regarding presentence credit of 368 days, although Erickson served only 98 days on the relevant charges. But DOC was entitled to give the certification legal effect with respect to 49 days of good time credit.[3] Moreover, Erickson fails to make out a claim of any constitutional violation here. We dismiss the petition.

¶3 On September 15, 2003, police arrested Kail Erickson on suspicion of several crimes. He remained in custody in the King County Jail from that date until April 27, 2004, when he was transferred to the custody of DOC to serve sentences that we describe later in this opinion.

¶4 While in custody at the jail, the State charged him with residential burglary under King County Superior Court cause number 03-1-02542-5 KNT. He pleaded guilty to that charge and was sentenced to prison on April 27, 2004.

¶5 While he was in jail, the State also charged him with second degree taking of a motor vehicle without permission under King County Superior Court cause number 03-1--02154-3 KNT. He was also sentenced to prison on this charge on April 27, 2004.

¶6 On June 4, 2004, while in DOC custody, the State charged Erickson with second degree burglary and second degree possession of stolen property under King County

---

[2] Petitioner's Supplemental Brief at 4.

[3] *See Williams*, 121 Wn.2d at 663.

Superior Court cause number 04-C-00817-1 SEA.[4] On June 16, 2004, DOC transferred Erickson back to the King County Jail to face these new charges.[5]

¶7 Erickson pleaded guilty to the new charges, and the court sentenced him to serve 68 months in prison on September 20, 2004.[6] In its judgment and sentence, the sentencing court gave him presentence credit "for 368 days served."[7] The record before us indicates that this credit was based on an agreement between the State and Erickson to which DOC was not a party.[8] The agreement was intended to give Erickson "credit for time dating back to the beginning of his prosecution under King County Cause Nos. 03-1-02154-3 KNT and 03-1-02542-5 KNT in order to give full effect to the concurrent nature of the sentence imposed under King County Cause No. 04-C-00817-1 SEA."[9]

¶8 On September 21, 2004, following this last sentencing, the King County Jail returned Erickson to DOC custody.[10] At that time, the jail certified to DOC that Erickson served 98 days in its custody on cause number 04-C-00817-1 SEA.[11] The jail also certified that he earned 49 days of good time while in its custody on the same cause number.[12]

¶9 In October 2004, then-counsel for Erickson in the case under the last cause number contacted DOC and challenged the amounts stated for time served and good time

---

[4] Petitioner's Supplemental Brief at Appendix B (Information).

[5] *Id.* at Appendix A (Letter from Kail Erickson).

[6] *Id.* at Appendix C (Statement of Defendant on Plea of Guilty), Appendix D (Judgment and Sentence).

[7] *Id.* at Appendix D. The question of whether the trial court's award of 368 days credit here was proper is not before us.

[8] *Id.* at Appendix E (Letter from Defense Attorney Donald Minor), Appendix G (Letter from Deputy Prosecuting Attorney Daniel J. Clark).

[9] *Id.* at Appendix E.

[10] Response of the Department of Corrections at 4.

[11] *Id.* at Exhibit 2, Attachment B (King County Jail Certification).

[12] *Id.*

credit in the September 21, 2004 certification from the King County Jail to DOC.[13] After further communication involving DOC, the State, and the sentencing judge, this personal restraint petition (PRP) followed.

¶10  Erickson was unconditionally released from confinement by DOC in September 2007, while this petition was still pending before this court.[14]

## MOOTNESS

¶11 DOC argues that Erickson's petition is moot because he is no longer confined and, therefore, is not entitled to relief. Although this case is admittedly moot, we reach the merits because it is a matter of continuing and substantial public interest.

¶12  For this court to be able to grant relief, the petitioner must be under a present unlawful restraint.[15] Where a petitioner is no longer in custody, a petition should be reviewed on the merits, despite its mootness, where the issue presented is one of continuing and substantial public interest and likely to evade review.[16]

¶13 The proper administration of earned early release credits awarded to inmates is such an issue.[17] And the application of good time credit to an extended confinement is likely to be a recurring issue that evades review.[18]

¶14  Here, since bringing his petition, Erickson has completed his sentence. He was released unconditionally from DOC custody during the time his PRP was pending. Despite its mootness, we consider Erickson's petition because the

---

[13] Petitioner's Supplemental Brief at Appendix E.

[14] We grant the Department's Motion to Supplement the Record.

[15] RAP 16.4(a).

[16] *See In re Pers. Restraint of Mines*, 146 Wn.2d 279, 285, 45 P.3d 535 (2002); *In re Pers. Restraint of Liptrap*, 127 Wn. App. 463, 470, 111 P.3d 1227 (2005).

[17] *In re Pers. Restraint of Reifschneider*, 130 Wn. App. 498, 501, 123 P.3d 496 (2005).

[18] *Id.*

proper administration of good time credits is an issue of continuing public interest. In addition, it is a recurring question as to how good time credit should be calculated in circumstances such as those here. Moreover, these questions are likely to evade review because of the length of the appellate process.

## EARNED GOOD TIME

¶15 Erickson argues that DOC erroneously relied on the county jail's certification. Specifically, he argues that DOC improperly refused to give effect to the sentencing court's judgment and sentence specifying that he be given credit for 368 days served prior to sentencing for second degree burglary and second degree possession of stolen property. We disagree.

¶16 A personal restraint petitioner may obtain relief by demonstrating either a constitutional violation or a violation of the laws of the state of Washington.[19] Constitutional guaranties protect against deprivation of life, liberty, or property interests without due process of law.[20] An inmate has a limited liberty interest in good time credits.[21] Accordingly, a DOC decision that wrongly denies an inmate good time credits unlawfully restrains the inmate and can be challenged in a PRP if the inmate has had no other means of obtaining judicial review of the decision.[22]

¶17 RCW 9.94A.728(1) provides:

[T]he term of the sentence of an offender committed to a correctional facility operated by the department may be reduced by earned release time in accordance with procedures that shall be developed and promulgated by the correctional

---

[19] RAP 16.4(c)(2), (6); *Reifschneider*, 130 Wn. App. at 501 (citing *In re Pers. Restraint of Cashaw*, 123 Wn.2d 138, 148, 866 P.2d 8 (1994)).

[20] U.S. CONST. amend. V; CONST. art. I, § 3.

[21] *In re Pers. Restraint of Dutcher*, 114 Wn. App. 755, 758, 60 P.3d 635 (2002).

[22] *Reifschneider*, 130 Wn. App. at 501.

agency having jurisdiction in which the offender is confined. The earned release time shall be for good behavior and good performance, as determined by the correctional agency having jurisdiction. The correctional agency shall not credit the offender with earned release credits in advance of the offender actually earning the credits. Any program established pursuant to this section shall allow an offender to earn early release credits for presentence incarceration.[23]

¶18 The institution in which the offender is actually incarcerated retains complete control over the good time credits granted to offenders within its jurisdiction.[24] In no case may aggregate good time credit exceed one third of the total sentence imposed.[25]

¶19 DOC, not the superior court, has statutory authority to grant good time credit to an offender.[26] DOC "must ensure all offenders receive credit for their presentence detention and for the earned early release credits earned thereon."[27] While early release credits must be earned, rather than credited automatically or in advance, they must be equally allocated and not arbitrarily deprived.[28]

¶20 RCW 9.94A.728(1) prescribes the contents of a jail certification and states in relevant part:

If an offender is transferred from a county jail to the department, the administrator of a county jail facility shall certify to the department *the amount of time spent in custody at the facility and the amount of earned release time*.[29]

---

[23] *See also* RCW 9.92.151 (requiring early release time for good behavior when confined in a county jail).

[24] *Williams*, 121 Wn.2d at 665.

[25] RCW 9.92.151(1); RCW 9.94A.728(1).

[26] *In re Pers. Restraint of Mota*, 114 Wn.2d 465, 478, 788 P.2d 538 (1990); *State v. Pepper*, 54 Wn. App. 583, 584-85, 774 P.2d 557 (1989).

[27] *In re Pers. Restraint of King*, 146 Wn.2d 658, 665 n.3, 49 P.3d 854 (2002).

[28] *In re Pers. Restraint of Schaupp*, 66 Wn. App. 45, 51, 831 P.2d 156 (1992).

[29] (Emphasis added.)

¶21 DOC is entitled to give presumptive legal effect to a county jail's certification if it does not contain apparent or manifest errors of law.[30]

> [U]nder the "apparent or manifest error of law" standard, the Department is not obligated to review the accuracy of the certifications provided by the county jails. Neither is it required to review and approve the individual good-time policies adopted by the county jails. If a given certification does not contain apparent or manifest errors of law, the Department is entitled to give that certification legal effect.[31]

¶22 The question of whether DOC complied with Washington law in awarding good time credit here is a question of law. We review questions of law de novo.[32]

¶23 Here, the certification by the jail to DOC states that Erickson was in the custody of the King County Jail from June 16, 2004 to September 21, 2004, a period of 98 days. Erickson does not and cannot challenge this portion of the certification. He was, in fact, in custody at that facility on this cause for only that period.

¶24 The same certification also states that he is eligible for good time credit of 49 days, with no deduction for disciplinary action. This calculation is based on the policy that good time is calculated on the basis of one half the amount of actual time served for the types of charges involved here.

¶25 DOC did not blindly follow the jail's certification in this case. Following Erickson's former counsel's communication with DOC in October 2004, DOC inquired into the inconsistency between the certification from the King County Jail and the judgment and sentence of the superior court. The inquiry included communication with the sentencing judge and a deputy prosecutor.[33] After its

---

[30] *Williams*, 121 Wn.2d at 664, 666.

[31] *Id.* at 666.

[32] *Rettkowski v. Dep't of Ecology*, 128 Wn.2d 508, 515, 910 P.2d 462 (1996).

[33] *See* Petitioner's Supplemental Brief at Appendix G.

inquiry, DOC concluded that the certification was correct. Although Erickson did not actually serve 368 days presentence on this cause, DOC gave him credit in its records[34] consistent with the judgment and sentence.[35] We conclude that DOC's proper act of reconciling its records of Erickson's time served with the judgment and sentence did not amount to an "acknowledgment" that the jail's certification was legally defective.

¶26 The judgment and sentence did not purport to give good time credit at the time of sentencing. Indeed, it could not have.[36] Good time must be earned, and there was nothing before the sentencing court from an agency authorized to certify good time for the court to have made a ruling on this point. Moreover, as the statutes and case law make clear, only a facility in which Erickson had been in custody, not a court, could certify good time credits.

¶27 Thus, DOC properly concluded that it should credit Erickson with good time as certified by King County Jail, just as the plain words of the statute direct. In short, DOC properly relied on the certification following its investigation into the facts of this case.

¶28 Erickson contends that *In re Personal Restraint of Williams*[37] required DOC to inquire into the good time calculation by the jail and that DOC cannot rely on an improperly calculated certification as it did here. But *Williams* is distinguishable.

¶29 In *Williams*, the petitioner alleged that DOC failed to adequately award good time credits for his presentence

---

[34] Response of the Department of Corrections at Exhibit 1, Attachment B, at 3.

[35] *See State v. Broadaway*, 133 Wn.2d 118, 135, 942 P.2d 363 (1997) (remanding for resentencing because DOC is not authorized to change the terms of an erroneous judgment and sentence); *In re Pers. Restraint of Davis*, 67 Wn. App. 1, 8-10, 834 P.2d 92 (1992) (holding DOC is bound by terms of an erroneous judgment unless and until judgment and sentence is amended by a court).

[36] *See Williams*, 121 Wn.2d at 658 (good time is determined by correctional agency having jurisdiction over offender's confinement); *Pepper*, 54 Wn. App. at 584-85 (superior court does not have statutory authority to grant good time credit).

[37] 121 Wn.2d 655, 853 P.2d 444 (1993).

incarceration in county jail. There, the jail certification indicated he was incarcerated for 232 days and earned 77 good time days.[38] The court of appeals dismissed his petition, mistakenly concluding that good time credit of 77 days was all he was entitled to under the statute.[39] The supreme court determined that Williams had not received the statutory maximum good time credit, and because the record did not indicate why the county jail credited Williams with less than the statutory maximum, it remanded for clarification.[40]

¶30  In its analysis, the court clarified the legal effect of a jail certification.[41] Recognizing that a county jail retains complete control over good time awards to offenders within its jurisdiction, the court rejected the idea that DOC has a purely passive role in accepting the certifications provided by county jails.[42] The court construed the statute to prohibit DOC from "accepting certifications that are based on apparent or manifest errors of law."[43] The *Williams* court did not further elaborate except to state that under this standard, DOC is not obligated to review the accuracy of certifications from county jails.[44] "If a given certification does not contain apparent or manifest errors of law, the Department is entitled to give that certification legal effect."[45]

¶31  Unlike *Williams*, here there was no mere reliance based on the absence of manifest error. Rather, there was an investigation by DOC behind the numbers based on the disparity between the 368 days of presentence credit stated

---

[38] *Id.* at 658.

[39] *Id.*

[40] *Id.* at 658-59, 668.

[41] *Id.* at 664.

[42] *Id.* at 664-65.

[43] *Id.* at 664.

[44] *Id.* at 666.

[45] *Id.*

in the judgment and sentence and the 98 actual days Erickson spent in King County custody on these charges.

¶32 Furthermore, unlike in *Williams*, here the basis for the jail's good time award was not ambiguous. The jail certification credited Erickson with 98 days served and awarded 49 good time days. His award of 49 good time days is the statutory maximum he could receive for actually serving 98 days in King County Jail's custody on cause number 04-C-00817-1 SEA. The judgment and sentence directive that he be given credit for 368 days does not change these facts.

¶33 DOC argues that the agreement giving Erickson credit for 368 days served was "inextricably bound to all three causes of action"[46] and that DOC properly awarded Erickson good time credit for the 368 days credited in his judgment and sentence.[47] DOC also argues how to read RCW 9.94A.505(6), claiming that the sentencing court's credit of 368 days served, if interpreted the way Erickson argues, would give him double or triple good time. Because of our resolution of Erickson's claim on the basis we have discussed, we need not reach these arguments.

## CONSTITUTIONAL QUESTIONS

¶34 Erickson also argues that the procedure DOC followed here violated his rights to due process, to equal protection of the law, and to be free from double jeopardy. Because these constitutional claims are unsupported by sufficient argument or citation to authority, we do not reach them.[48]

---

[46] DOC Motion to Supplement the Record at 2.

[47] *Id.* at 3, 5.

[48] *See* RAP 10.3(a)(5); *State v. Johnson*, 119 Wn.2d 167, 171, 829 P.2d 1082 (1992) (declining review of constitutional issues unsupported by reasoned argument); *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992) (declining to consider argument where not supported by reference to the record or citation to authority).

¶35 We dismiss the personal restraint petition.

SCHINDLER, C.J., and ELLINGTON, J., concur.