[No. 62983-2-I.   Division One.   August 23, 2010.]

*In the Matter of the Personal Restraint of* ANTHONY BAKARI LOUIS BOVAN, *Petitioner.*

*Nancy P. Collins* (of *Washington Appellate Project*), for petitioner.

*Robert M. McKenna, Attorney General,* and *Ronda D. Larson, Assistant,* for respondent.

¶1 Cox, J. — Primarily at issue in this personal restraint petition is whether the state Department of Corrections (DOC) correctly denied Anthony Bovan credit on the remaining portion of his prison sentence following revocation of his release to community custody. Bovan's petition is technically moot. But we address this issue because of its continuing and substantial public importance. It is also otherwise likely to evade review.

¶2 We hold that Bovan was entitled to credit on the remaining portion of his sentence for all periods he actually spent in detention awaiting disposition of alleged violations of conditions of community custody. This result is dictated by former RCW 9.94A.737 (2002), the statute in effect at the time Bovan committed the crimes for which he was sentenced. Because we resolve Bovan's primary claim on this statutory basis, we need not reach his ex post facto claim based on former RCW 9.94A.737 (2007). Accordingly, we dismiss his petition as technically moot, but hold that his statutory claim under former RCW 9.94A.737 (2002) is valid.[1]

¶3 In 2003, Bovan pleaded guilty to four counts of second degree robbery. He committed all of these crimes in January 2003. On June 30, 2003, the trial court sentenced him to 73.5 months of total confinement on each count, to be served concurrently with each other. The sentence also imposed terms of community custody for each count.

¶4 On March 1, 2007, prior to his maximum release date, DOC released Bovan from total confinement to community custody based on his good behavior. While on community custody, Bovan allegedly violated terms of his release to community custody on several occasions. At his first two hearings, DOC found Bovan guilty of violating terms of his release to community custody. He does not challenge these determinations. Following a third hearing, where he was also found to have violated conditions of his release to community custody, DOC revoked his release and returned

---

[1] We deny DOC's motions for stay dated February 17 and July 20, 2010.

him to total confinement for the unexpired term of his sentence. Bovan does not challenge these determinations.

¶5 On his return to total confinement, DOC gave Bovan credit against the remaining portion of his sentence for the time he spent in community custody but not for all of the time he spent in detention awaiting hearings. Specifically, DOC did not give him credit for time he spent in detention before his first two hearings awaiting disposition for alleged violations of conditions of his release to community custody. These hearings occurred on February 11, 2008, and May 14, 2008.

¶6 A third hearing for alleged violations of conditions of community custody occurred on August 18, 2008. At that time, a hearings officer found Bovan guilty of the alleged violations. According to DOC, it did give Bovan credit against the unexpired term of his sentence for the time he spent in detention, starting on August 6, 2008.

¶7 Bovan commenced this proceeding in January 2009. One of the claims in his personal restraint petition is that he was entitled to a total of 34 days of credit against the unexpired term of his sentence. This was the total amount of time he claims to have spent in detention awaiting his three disposition hearings for alleged violations of the conditions of his release to community custody. The acting chief judge dismissed the petition in part, referred two issues to this panel of judges for further consideration, and appointed counsel for Bovan. During the pendency of this proceeding, DOC released Bovan from confinement after he completed serving his sentence on July 25, 2009.

## MOOTNESS

¶8 Because Bovan was released from confinement while his personal restraint petition was still pending, the petition is technically moot.[2] But DOC and Bovan both

---

[2] *Orwick v. City of Seattle*, 103 Wn.2d 249, 253, 692 P.2d 793 (1984) ("A case is moot if a court can no longer provide effective relief."); *see also In re Pers. Restraint*

agree that we should review this claim on the merits because it is of continuing and substantial public interest.[3] We agree.

¶9 When determining whether a case involves the requisite degree of public interest, we consider (1) the public or private nature of the question presented, (2) the desirability of an authoritative determination to provide future guidance to public officers, and (3) the likelihood that the question will recur.[4] Our supreme court has observed that issues of constitutional or statutory interpretation tend to be "more public in nature, more likely to arise again, and the decisions help[ ] to guide public officials."[5] Whether a prisoner is entitled to credit on the unexpired term of a sentence following revocation of release to community custody fulfills these criteria. Additionally, this question is likely to evade review because of the length of the appellate process.[6] Accordingly, we address the question despite the fact it is technically moot in this case.[7]

## CREDIT AGAINST REMAINING SENTENCE

¶10 Bovan argues that he was unlawfully restrained because DOC failed to give him credit for time he spent in detention awaiting disposition hearings for alleged violations of conditions of community custody. Specifically, DOC did not credit against his remaining sentence his time spent

---

of *Erickson*, 146 Wn. App. 576, 582, 191 P.3d 917 (2008) (personal restraint petition was moot because petitioner was no longer confined, but court reviewed the claim on its merits because the issue presented was of continuing and substantial public interest and likely to evade review).

[3] Supplemental Response of the Department of Corrections at 2 (filed Oct. 5, 2009) (citing *Erickson*, 146 Wn. App. at 582); Petitioner's Reply Brief at 6.

[4] *In re Pers. Restraint of Mines*, 146 Wn.2d 279, 285, 45 P.3d 535 (2002).

[5] *Id.* (citing *Hart v. Dep't of Soc. & Health Servs.*, 111 Wn.2d 445, 449, 759 P.2d 1206 (1988)).

[6] *Erickson*, 146 Wn. App. at 583.

[7] Former RCW 9.94A.737(2) (2007) is now codified at RCW 9.94A.714(1). Laws of 2008, ch. 231, § 16. RCW 9.94A.633 appears to now control the sanction procedures for violations of any conditions of a sentence.

in such detention preceding the first two of three disposition hearings.

■ ¶11 Where an inmate challenges a decision from which he has had no previous or alternative avenue for obtaining state judicial review, RAP 16.4(a) requires the petitioner in a personal restraint petition to show he or she has been unlawfully restrained.[8] A restraint is unlawful if the challenged action is unconstitutional or violates the laws of the state of Washington.[9]

■ ¶12 "Our primary duty in interpreting any statute is to discern and implement the intent of the legislature."[10] "Our starting point must always be 'the statute's plain language and ordinary meaning.'"[11] A statute is ambiguous if it is susceptible to two or more reasonable interpretations.[12] When statutory language is unambiguous, the court gives effect to the plain meaning of the statute.[13] Courts cannot add words to an unambiguous statute when the legislature has chosen not to include them.[14]

■ ¶13 A threshold issue here is which former version of the statute governing the question of credit for time served under these circumstances controls. In their initial briefing, counsel for the respective parties assumed that former RCW

---

[8] *In re Pers. Restraint of Albritton*, 143 Wn. App. 584, 590, 180 P.3d 790 (2008); *see also In re Pers. Restraint of Isadore*, 151 Wn.2d 294, 299, 88 P.3d 390 (2004) ("Where the petitioner has not had a prior opportunity for judicial review, we do not apply the heightened threshold requirements applicable to personal restraint petitions. Instead, the petitioner need show only that he is restrained under RAP 16.4(b) and that the restraint is unlawful under RAP 16.4(c)."); *In re Pers. Restraint of Grantham*, 168 Wn.2d 204, 214, 227 P.3d 285 (2010) (holding that *Isadore*, 151 Wn.2d 294, controls review of personal restraint petitions where no prior judicial review has been afforded).

[9] RAP 16.4(c)(2), (6); *Albritton*, 143 Wn. App. at 590.

[10] *State v. J.P.*, 149 Wn.2d 444, 450, 69 P.3d 318 (2003) (citing *Nat'l Elec. Contractors Ass'n v. Riveland*, 138 Wn.2d 9, 19, 978 P.2d 481 (1999)).

[11] *Id.* (quoting *Riveland*, 138 Wn.2d at 19).

[12] *State v. McGee*, 122 Wn.2d 783, 787, 864 P.2d 912 (1993); *Dep't of Ecology v. Campbell & Gwinn, LLC*, 146 Wn.2d 1, 12, 43 P.3d 4 (2002).

[13] *J.P.*, 149 Wn.2d at 450; *Riveland*, 138 Wn.2d at 19.

[14] *J.P.*, 149 Wn.2d at 450 (quoting *State v. Delgado*, 148 Wn.2d 723, 727, 63 P.3d 792 (2003)).

9.94A.737 (2007), the statute in effect in 2008 when the disposition hearings occurred, controlled.[15] The earlier version of the statute, which was in effect when Bovan committed his crimes in January 2003, contained language identical to the 2007 statute in the relevant portions of subsection (1).[16] But, unlike the statute as amended in 2007, the earlier version of the statute did not contain any language regarding "a third violation hearing."[17]

¶14 Accordingly, we directed supplemental briefing by the parties on which statute controls here. We also directed the parties to address the effect on this case of applying the earlier version of the statute, former RCW 9.94A.737 (2002).

¶15 RCW 9.94A.345 provides, "Any sentence imposed under this chapter shall be determined in accordance with the law in effect when the *current offense was committed*." Bovan committed his crimes in January 2003. Thus, former RCW 9.94A.737 (2002), the version in effect in January 2003, controls.

¶16 RCW 10.01.040 buttresses this conclusion. That statute provides:

---

[15] Former RCW 9.94A.737 (2007) provided, in relevant part:

(1) If an offender violates any condition or requirement of community custody, the department may transfer the offender to a more restrictive confinement status to serve up to the remaining portion of the sentence, less credit for any period actually spent in community custody or in detention awaiting disposition of an alleged violation . . . .
(2) If an offender has not completed his or her maximum term of total confinement and is subject to a third violation hearing for any violation of community custody and is found to have committed the violation, the department shall return the offender to total confinement in a state correctional facility to serve up to the remaining portion of his or her sentence . . . .

[16] Former RCW 9.94A.737 (2002) provided, in relevant part:

(1) If an offender violates any condition or requirement of community custody, the department may transfer the offender to a more restrictive confinement status to serve up to the remaining portion of the sentence, less credit for any period actually spent in community custody or in detention awaiting disposition of an alleged violation . . . .

[17] *Compare* former RCW 9.94A.737(2) (2007), *with* former RCW 9.94A.737 (2002).

No offense committed and no penalty or forfeiture incurred previous to the time when any statutory provision shall be repealed, whether such repeal be express or implied, shall be affected by such repeal, unless a contrary intention is expressly declared in the repealing act, and no prosecution for any offense, or for the recovery of any penalty or forfeiture, pending at the time any statutory provision shall be repealed, whether such repeal be express or implied, shall be affected by such repeal, but the same shall proceed in all respects, as if such provision had not been repealed, unless a contrary intention is expressly declared in the repealing act. Whenever any criminal or penal statute shall be amended or repealed, all offenses committed or penalties or forfeitures incurred while it was in force shall be punished or enforced as if it were in force, notwithstanding such amendment or repeal, unless a contrary intention is expressly declared in the amendatory or repealing act, and every such amendatory or repealing statute shall be so construed as to save all criminal and penal proceedings, and proceedings to recover forfeitures, pending at the time of its enactment, unless a contrary intention is expressly declared therein.

¶17 None of the exceptions in RCW 10.01.040 apply to this case. Thus, we conclude that the general rule stated in that statute applies: Bovan's right to credit against his sentence arises from the statute in effect at the time he committed his crimes. This conclusion is also consistent with case authority.[18]

¶18 Turning to the text of former RCW 9.94A.737 (2002), the statute states:

(1) If an offender violates any condition or requirement of community custody, the department may transfer the offender to a more restrictive confinement status to serve up to the remaining portion of the sentence, *less credit for any period actually spent in community custody or in detention awaiting disposition of an alleged violation* ....[19]

---

[18] See *Albritton*, 143 Wn. App. at 591 n.3 (quoting RCW 9.94A.345).

[19] (Emphasis added.)

¶19 The critical language in the statute is in the second and third clauses of this subsection. They define the consequences that arise from a violation of community custody conditions. First, DOC may transfer a prisoner "to a more restrictive confinement status." Second, DOC must credit against the offender's remaining sentence both community custody time and any time in detention awaiting disposition hearings. The issue here is whether and to what extent DOC must give Bovan credit against his remaining sentence upon his transfer to total confinement.

¶20 According to the language of the statute, transfer of the offender to a more restrictive environment is a condition for crediting an offender with community custody time and time spent in detention awaiting disposition hearings. Absent this precondition, the statute does not require that credit for time in detention awaiting disposition of alleged violations be given against a remaining sentence.

¶21 But that is not the end of our inquiry. The word "any" in the emphasized portion of the quotation has long been construed by the courts as meaning "every" and "all."[20] Thus, the statute requires DOC to give Bovan credit for "every" and "all" time spent awaiting disposition hearings for alleged violations of the terms of community custody. There is nothing in the statute limiting credit to the time awaiting a disposition hearing that results in transfer to a more restrictive status. Had the legislature intended such a limitation, it could have said so. It did not.

¶22 DOC argues that the statute limits the giving of credit to the time preceding the last hearing in this case. But that reading of the statute conflicts with its plain wording. As we have explained, the plain language of former RCW 9.94A.737(1) (2002) requires DOC, upon returning an offender to a more restrictive confinement status, to give credit for "any period actually spent . . . in detention awaiting disposition of an alleged violation."

[20] *State v. Harris*, 39 Wn. App. 460, 463, 693 P.2d 750 (1985); *State v. Tili*, 139 Wn.2d 107, 115, 985 P.2d 365 (1999); *Stahl v. Delicor of Puget Sound, Inc.*, 148 Wn.2d 876, 884-85, 64 P.3d 10 (2003).

"Any" period means "every" period and "all" periods. DOC's interpretation of the statute is not tenable.

¶23 Here, DOC gave Bovan credit against his remaining sentence for the time spent in community custody, as this statute dictates. But it failed to give him credit for the time he spent in detention awaiting his first two disposition hearings on February 11, 2008, and May 14, 2008, respectively. This was contrary to the plain language of former RCW 9.94A.737(1) (2002).

¶24 The record reflects that Bovan attended a hearing on February 11, 2008, for disposition of alleged violations of conditions of release to community custody. These allegations included his failure to report weekly, failure to do urinalysis testing, and failure to report his address. The hearing officer found him guilty and imposed a sanction of time served since January 28, 2008. This is a period of 13 days of detention while awaiting disposition of these allegations.

¶25 The record also reflects that Bovan attended a second hearing on May 14, 2008, for disposition of alleged violations of conditions of release to community custody. These allegations included his failure to report, failure to be available for urinalysis testing, and one other failure. The hearing officer found him guilty and imposed a sanction of 30 days' confinement. The officer credited against this 30-day sanction the time that Bovan spent in detention since May 4, 2008, awaiting this May 14 hearing. This is a period of 10 days.

¶26 DOC represents that it gave Bovan credit for time spent in detention awaiting his third hearing. Specifically, DOC states that it gave him credit for the period August 6 through August 26. Bovan does not challenge this representation and, thus, he is not entitled to any further credit for this period.

¶27 In sum, Bovan was entitled to a total of 23 days credit for time spent awaiting his first two disposition hearings for alleged violations of conditions of release to

community custody. That total should have been credited against his remaining sentence following his transfer to a more restrictive confinement status to serve his remaining sentence.

¶28 In its most recent supplemental briefing, DOC argues that Bovan is not entitled to credit under former RCW 9.94A.737 (2007). Specifically, DOC claims that "[t]he [2007] statute allows credit solely for the time spent awaiting disposition of the *last hearing*."[21] It also argues, "This language [of the 2007 statute] requires the DOC to credit an offender with time spent in detention awaiting disposition of the alleged violation at issue but not with time spent in confinement for *previous* violations."[22] This argument is incorrect for two reasons.

¶29 First, the correct statute to apply under the circumstances of this case is the 2002 version of the statute, as we have explained. Second, the relevant words of both the 2002 and 2007 versions of the statute do not support this argument. There is no language in either version of the statute that limits giving credit to the "last hearing." Likewise, there is no language in either version of the statute that limits credit for "previous violations," as DOC argues. We will not read into the statute words that are not there.[23] Rather, as we have explained earlier in this opinion, the word "any," which appears in both versions of the statute, makes clear that credit must be given for "every" and "all" time spent awaiting disposition hearings.[24] The statutes do not otherwise limit credit to time spent in detention for only certain hearings.

¶30 DOC makes other arguments, none of which are persuasive. It argues that its view of the statute does not violate the state or federal constitutions, as Bovan argues.

---

[21] Supplemental Response of the Department of Corrections at 9 (filed July 26, 2010) (emphasis added).

[22] *Id.* (emphasis added).

[23] *See J.P.*, 149 Wn.2d at 450.

[24] *See Harris*, 39 Wn. App. at 463; *Tili*, 139 Wn.2d at 115.

Because we resolve the challenge in favor of Bovan on statutory grounds, we need not reach the constitutional arguments that he asserted.

¶31 DOC also argues that its reading of the statute best serves the legislature's intent to reduce recidivism. It argues that withholding credit for time spent in detention awaiting disposition of alleged violations is a powerful behavioral management tool and best supports the purpose of the statute. These arguments are policy arguments best addressed to the legislature. The plain words of the statute that is before us express the legislative intent as to how credit is to be given. We will not substitute our judgment for that of the legislature in this respect.

## EX POST FACTO

¶32 Bovan next argues that the application of former RCW 9.94A.737(2) (2007) to him violated the constitutional prohibition against ex post facto laws. Because we hold that former RCW 9.94A.737 (2002), not former RCW 9.94A737 (2007), controls the question of credit against his remaining sentence, we need not reach this constitutional question.

¶33 We dismiss Bovan's petition as technically moot but hold that his statutory claim under former RCW 9.9A.737 (2002) is valid.

GROSSE and APPELWICK, JJ., concur.