FILED
JAN 8, 2015
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| THE STATE OF WASHINGTON, | ) | |
| | ) | No. 31803-6-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| VERNON RAY JOHNSON JR., | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

SIDDOWAY, C.J. — Vernon Johnson appeals the trial court's failure at sentencing to credit him with 276 days spent in jail before pleading guilty to vehicular assault and possession of a stolen vehicle. While the State argued at sentencing that credit was not warranted in light of felony warrants served on Mr. Johnson for unrelated out-of-state crimes, it concedes on appeal that he was entitled to credit for the time served.

We do not entirely accept the State's concession, because it is not clear that the constitutionally mandated day-for-day credit to which Mr. Johnson is entitled was required to be satisfied at the sentencing of the Washington crimes. There is a constitutional mandate that must be satisfied at some time, however, and because the State now regards this sentence as an appropriate time and it appears that the

constitutional mandate was not brought to the sentencing court's attention, we remand

with instructions for the court to reconsider the issue of credit for time served consistent

with this opinion.

FACTS AND PROCEDURAL BACKGROUND

Vernon Johnson pleaded guilty to vehicular assault and possession of a stolen

motor vehicle. He was seriously injured in the incident giving rise to the charges and was

hospitalized from February 19, 2012, the date of the incident, until September 21, 2012.

He was arrested upon his release from the hospital on September 21 and was served that

same day with two outstanding felony warrants for unrelated matters in Oregon and

Missouri.

On May 23, 2013, Mr. Johnson pleaded guilty to the two Washington charges.

Before sentencing, Mr. Johnson's lawyer asked that his client receive credit for the 276

days served in jail from the date he was arrested on the underlying charges.[1] The State

took the position that Mr. Johnson should only receive credit for time served "if he is

legally entitled to credit under the Sentencing Reform Act." It explained:

---

[1] Walla Walla chose not to arrest Mr. Johnson immediately, "[b]ecause the
medical bills were just so excessive." Report of Proceedings (RP) at 17. While Mr.
Johnson's lawyer indicated at one point that she was researching whether Mr. Johnson
should receive credit for the time he was bedridden, hospitalized, and possibly restrained,
she agreed by the time of sentencing that her client had not been confined during his
hospitalization and was not entitled to credit for that time period.

The State's position is that under the SRA, someone is only entitled to credit for time served if they are held in confinement only on the charge that they are being sentenced for. And in Mr. Johnson's case, when he was arrested on September 21st, he was also served with a felony warrant from Missouri and I believe Oregon. They are two totally unrelated charges, separate and apart from the charges in the case before the Court. . . .

The State's position is he shouldn't be receiving credit unless the Sentencing Reform Act specifically requires he receive that credit. And [RCW 9.94A.505(6)], which is cited in my memorandum, he would not be entitled to credit since September the 21st of 2012.

Report of Proceedings (RP) at 16-17.

[PROSECUTOR]: So that's essentially the State's recommendation and we simply ask that he be given credit for what he is entitled to receive.

THE COURT: And what is that in your mind?

. . . .

[PROSECUTOR]: If the holds from Oregon and Missouri are still in effect then he doesn't receive any credit for time served pending sentencing.

THE COURT: And who is going to give him credit for that time?

[PROSECUTOR]: I don't know what the Oregon sentencing guidelines or Missouri guidelines require. But there are separate cases that come after this that can certainly run their credit concurrent with his sentence here, whatever the Court imposes. They could give him credit for time served in the jail here, since he was held on their holds. But I don't know what their sentencing guidelines require. I'm simply looking at the Washington cases and what the Sentencing Reform Act requires.

THE COURT: So it is conceivable he gets no credit at all for any of that time?

[PROSECUTOR]: That would depend on what the other states require. Specifically the State's relying on a Washington Supreme Court case, [*In Re: Schillereff*, 159 Wn.2d 649, 152 P.3d 345 (2007)], where the defendant in that case had charges in Texas, and similar charges there, and he was

3

arrested on a warrant, brought to Texas, brought back to Washington to address his charges there, and he wasn't given any credit for time served since his return back to Washington because he was being held on more than one matter when he was returned to Washington.

So there is authority to support that. In addition to the language of the statute, to the plain language.

RP at 18-19.

Mr. Johnson's lawyer argued in response that the trial court should give her client credit for time served toward the Washington crimes, observing that her client "was not able to answer to the other [Missouri and Oregon] detainers and since he could not leave the jail and go to the other states that wanted him, he had no choice to be here, and doing the time that he has." RP at 21. The trial court made a comment in response that while obscure, at least as transcribed, suggests that it might have believed that not giving credit was compelled by the statute: "All right. The last example of an intuitive answer that seems to make sense is contradicted by the State case, and statutory law." *Id.*

In thereafter announcing its ruling, the trial court accepted the State's recommended sentence. It then stated that it was "not going to give any credit for days served for the reasons stated by the State in their Memorandum and in argument here under existing statutory and case law." RP at 24. Mr. Johnson appeals his judgment and sentence solely on the ground that the trial court erred in denying him credit for time served.

4

## ANALYSIS

Whether a defendant is entitled to credit for time served is a question of law, and is therefore reviewed de novo. *State v. Swiger*, 159 Wn.2d 224, 227, 149 P.3d 372 (2006).

"Failure to allow credit [for time served] violates due process, equal protection, and the prohibition against multiple punishments." *State v. Cook*, 37 Wn. App. 269, 271, 679 P.2d 413 (1984). As explained in *Cook*, "if credit is not allowed those unable to obtain release pending trial may serve longer sentences than those who are released. Additionally, the total of the [presentence] detention time plus the imposed sentence might exceed the statutory maximum penalty if credit is not allowed." *Id.* at 271 (citing *Reanier v. Smith*, 83 Wn.2d 342, 517 P.2d 949 (1974) and *In re Trambitas*, 96 Wn.2d 329, 635 P.2d 122 (1981)).

RCW 9.94A.505(6) provides:

> The sentencing court shall give the offender credit for all confinement time served before the sentencing if that confinement was solely in regard to the offense for which the offender is being sentenced.

The statute has been held to reflect the constitutional mandate. *In re Pers. Restraint of Costello*, 131 Wn. App. 828, 832, 129 P.3d 827 (2006) (citing former RCW 9.94A.120(17), now renumbered as RCW 9.94A.505(6)). Credit is not permitted for time served on other charges. *Costello*, 131 Wn. App. at 833. However, if the offender is confined on two charges simultaneously, "any time not credited towards one charge must

5

be credited towards the other." 13B SETH A. FINE & DOUGLAS J. ENDE, WASHINGTON PRACTICE: CRIMINAL LAW § 3603 (2 ed. & Supp. 2013-2014).

The language of RCW 9.94A.505(6) is mandatory in only one sense: it *requires* the sentencing court to give the offender credit for confinement time served if the confinement was solely in regard to the criminal counts that are before the court for sentencing—which is to say, if it will be the only opportunity for the court to give the defendant the constitutionally-mandated day-for-day credit. It *permits* the court to give the offender credit for confinement time served if the confinement was in regard to other charges as well and the credit has so far not been applied to any other sentence.

In this case, the parties appear to now agree that imposing the sentence for Mr. Johnson's Washington charges was an appropriate time to ensure that he receives the constitutionally mandated day-for-day credit for his 276 days of pre-trial confinement. We do not entirely accept the State's concession of error, because we do not think that it was the only possible time. *Cf. In re Pers. Restraint of Schaupp*, 66 Wn. App. 45, 48-51, 831 P.2d 156 (1992) (ordering the Department of Corrections to apply credit for a portion of defendant's pretrial confinement to a Franklin County conviction after the defendant was sentenced on the last charge for which he had been held, but where neither sentencing court had given him all the day-for-day credit to which he was constitutionally entitled).

6

No. 31803-6-III
*State v. Johnson*

From review of the record and the present position of the parties, it appears that the trial court was not fully informed of its discretion when it was called on to determine whether to credit Mr. Johnson with the time he served in presentence confinement. We therefore remand with instructions to reconsider the credit issue consistent with this opinion.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Siddoway, C.J.

WE CONCUR:

_____    _____
Korsmo, J.                                      Lawrence-Berrey, J.

7