[No. 24351-6-III.  Division Three.  November 16, 2006.]

*In the Matter of the Personal Restraint of* KENNETH T. ATWOOD, *Petitioner.*

*William D. Edelblute*, for petitioner.

*Robert M. McKenna, Attorney General*, and *John Scott Blonien* and *Donna H. Mullen, Assistants*; and *James A. Von Sauer, Prosecuting Attorney*, for respondent.

¶1 SWEENEY, C.J. — The constitution requires the government to afford inmates at least a minimal level of due process before they are denied credit for good time or

earned early release time. Here, the State made no showing of any procedures that would satisfy this modest constitutional requirement. We therefore grant Kenneth T. Atwood's personal restraint petition and remand his case to Ferry County for further proceedings on his claim for earned early release credits.

## FACTS

¶2 Kenneth T. Atwood petitions for relief from personal restraint imposed following his Ferry County jury convictions in 2000 for attempted second degree murder and unlawful display of a weapon. He appealed these convictions. And we affirmed them. *See State v. Atwood*, noted at 107 Wn. App. 1021 (2001).

¶3 Ferry County refused any earned early release time for the time Mr. Atwood spent in jail before he was sentenced because Mr. Atwood had "several incidents." Pet., Ex. 1 (Letter, Ferry County Corrs.). Mr. Atwood includes in his petition reports of the alleged misconduct.

¶4 (1) An officer caught Mr. Atwood smoking. And jail employees sanctioned him by placing him in lockdown for 24 hours.

¶5 (2) Mr. Atwood refused to obey an order and used abusive language. Again the jail sanctioned him with 24 hours of lockdown.

¶6 (3) An officer reported that Mr. Atwood argued with another inmate. The report indicates that no disciplinary action was taken.

¶7 The Ferry County Jail has a written policy for good time credit. It did not tell Mr. Atwood, however, that he would lose good time because of these incidents. The jail transferred Mr. Atwood to the Department of Corrections. He asked about good time credits for time spent in the Ferry County jail. The jail responded, "[y]ou had done some painting of the dayroom but there were several incidents involving you. There is no more that we can do for you

regarding this matter." Pet., Ex. 1 (Letter, Ferry County Corrs.).

¶8 Mr. Atwood complained that the jail deprived him of good time credits without due process of law. The chief judge of this court determined that the issue raised by Mr. Atwood was not frivolous. And he appointed counsel to represent Mr. Atwood on this issue, pursuant to RCW 10.73.150(4).

## DISCUSSION

¶9 Mr. Atwood contends that he was deprived of good time credits without due process of law. *See Wolff v. McDonnell*, 418 U.S. 539, 542, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974).

¶10 Ferry County responds that its "Policy & Procedure for 'Good Time'" provides that "good time" eligibility is at the discretion of the jail commander and "good time" must be earned. Here, the commander exercised that discretion and decided not to award "good time" because of Mr. Atwood's violations of jail policy and regulations.

¶11 A county jail facility must certify the days of earned early release time when an offender is transferred from a county jail to the Department of Corrections. RCW 9.94A.728(1) (formerly RCW 9.94A.150 (2000)). Correctional authorities, both county and state, have original authority over good time awards. *In re Pers. Restraint of Williams*, 121 Wn.2d 655, 661, 853 P.2d 444 (1993). So here, Ferry County would have retained authority to grant or deny good time credit to those held in its jail. *Id.* at 664. But a jail's refusal to certify good time credits cannot be the result of an error of law. *Id.*

¶12 The Ferry County Jail's written "Policy & Procedure for 'Good Time'" provides for "good time" for good conduct and for performing extra tasks, up to a maximum of

one third of an inmate's confinement time.[1] Significantly, its policy fails to set out any process for determining that an inmate has not earned good time credit. The policy, then, denies the inmate due process of law. *Wolff*, 418 U.S. at 558-59.

¶13 *Wolff* discusses a Nebraska prison disciplinary procedure that provided for a preliminary conference. *Id.* at 542. Prison officials informed the prisoner of the misconduct charge and discussed its merits. The prison prepared a conduct report. It read it to the prisoner at a hearing before the disciplinary body of the prison. The procedures also

---

[1] It is the policy of the Ferry County Jail to grant "Good Time" to inmates who have conducted themselves properly while in the confines of the Ferry County Jail. This includes, but is not limited to, following the rules of the Ferry County Jail, cleaning their individual cell, cleaning the general population areas, complying with any and all reasonable requests made by an employee of the Ferry County Sheriff's Department, and treating other prisoners and staff with courtesy. Inmates can be assigned certain specific duties and are responsible for getting them completed. These duties must be done to standards set by the Jail Commander.

An individual who follows these rules is eligible for "Good Time Credit". This means they are eligible to have 1/6 of their commitment time, or five (5) days in thirty-one (31), deducted from their sentence. (see Good Time Computation Table)

. . . .

By performing extra tasks an inmate may earn extra "Good Time Credit", to be given at the discretion of the Jail Commander.

. . . It is the policy of this department to use people sentenced to long terms of three (3) months or more as inmate workers [trustee], but it is better if they have been sentenced to six (6) months as it takes almost a full month to train an inmate worker.

. . . The inmate worker is granted "Good Time Credit" at the rate of 1/4 of their commitment time, or seven (7) days in thirty-one (31) deducted from their sentence (see Good Time Computation Table). . . .

An inmate's classification (trustee or general population) is at the discretion of the Jail Commander.

. . . .

Some inmates may not be classified as "Inmate Workers" (Trustee) but may be able to earn extra "Good Time Credit" by performing extra tasks as requested by Jail Staff. The Jail Commander reserves the right to give inmates extra "Good Time Credit" for their performance of extra work, as long as the extra time does not exceed the maximum allowed, or 1/3 of their commitment.

Certified Copy of Ferry County Jail Good Time Policy in Effect from April 27, 1999 and March 21, 2000, filed in this court on February 22, 2006.

allowed the prisoner the opportunity at the hearing to ask questions of the party making the charge of misconduct. *Id.* at 558-59.

¶14 The Supreme Court concluded that the Nebraska procedures were deficient. *Id.* at 560. A prison must give the inmate advanced written notice of the violation and a written statement of the evidence relied on and the reasons for the sanction. *Id.* at 563. And the prison must allow the inmate to call witnesses and present other evidence so long as "permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." *Id.* at 566.

¶15 *Wolff* addressed the due process requirement for deprivation of good time credit at a prison. But due process is due process, whether the loss of good time credits follows a jail disciplinary procedure or a prison disciplinary procedure. Both have the potential of affecting an inmate's good time credits. Due process protects a liberty interest. And these *Wolff* requirements have been applied in a jail setting. *Henderson v. Comm'rs of Barnstable County*, 49 Mass. App. Ct. 455, 730 N.E.2d 362 (2000).

¶16 The county here held no hearing before it denied Mr. Atwood's good time credit. Nor did the county give prior written notice of any claim of misconduct that would result in the loss of good time. Mr. Atwood's first notice of the jail's decision was its response to his inquiry why the jail had not certified any good time credit to the Department of Corrections. The county then responded that he had "incidents." But it did not detail the evidence of those incidents. The State argues that the jail's decision not to award Mr. Atwood good time was made in the exercise of discretion. That may be correct, but it ignores the requirements of *Wolff*.

██ ¶17 Finally, Mr. Atwood contends that he should receive good time credit equal to one-third of the time he was confined in the Ferry County Jail. He refers to the Department of Corrections' earned early release policy. But the jail's policy does not have to be the same as the department's. And it need not include work programs. *In re*

*Pers. Restraint of Fogle*, 128 Wn.2d 56, 61, 904 P.2d 722 (1995). Accordingly, the amount of good time, if any, that the Ferry County Jail certifies to the department on Mr. Atwood's behalf will be determined by the Ferry County Jail policy. *See also In re Pers. Restraint of Cromeenes*, 72 Wn. App. 353, 864 P.2d 423 (1993).

¶18 We remand this case to Ferry County for further proceedings to determine Mr. Atwood's good time credit, if any, by procedures that assure the minimum level of constitutional due process set out in *Wolff*, 418 U.S. at 558-59.

BROWN and KULIK, JJ., concur.