COURT OF APPEALS DIV I
STATE OF WASHINGTON

2013 MAR -4 AM 9: 13



# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| In the Matter of the Personal Restraint of: | ) ) ) | No. 68245-8-I |
| | ) | DIVISION ONE |
| ALLEN MICHAEL KNOLL, | ) ) | UNPUBLISHED OPINION |
| Petitioner. | ) ) ) | FILED:   MAR 0 4 2013 |

PER CURIAM – Allen Knoll filed a personal restraint petition claiming that he was denied earned early release (good time) credit without adequate due process for time served in the Skagit County Jail on his convictions for unlawful possession of a firearm in the second degree and theft in the second degree in Skagit County No. 11-1-00203-8. In order to obtain relief in this setting, Knoll must demonstrate that he is being "restrained under RAP 16.4(b) and that the restraint is unlawful under RAP 16.4(c)." In re Pers. Restraint of Grantham, 168 Wn.2d 204, 227 P.3d 285, 290 (2010) (quoting In re Pers. Restraint of Isadore, 151 Wn.2d 294, 299, 88 P.3d 390 (2004)).

Knoll was confined in the Skagit County jail for approximately six months between his March 2011 arrest and August 2011 transfer to the custody of the Department of Corrections (DOC). On August 29, 2011, the day before he was transferred to prison, jail authorities informed Knoll that he would receive no good time credit for time served in jail due to the cumulative effect of his numerous disciplinary incidents and "continual disruption of [sic] jail operations and security . . . ." (State's Resp. Appendix B). The notice stated that Knoll had been the subject of over 40

incident reports and had been disciplined 10 times for both major and minor rule violations. Knoll was given the opportunity to accept the sanction or request a hearing. He requested a hearing and interlineated: "I have not been Disciplined 10 Times." (Id.).

A disciplinary hearing took place five hours later. The hearing officer upheld the denial of good time credit, and indicated having reviewed all the incident reports involving Knoll since his booking and confirmed that there were 43 reports, 10 disciplinary actions, and 2 instances of use of force. The Skagit County Jail prepared a jail time certification indicating that Knoll earned no good time credit in jail.

Knoll claims he was denied credit in violation of his right to due process. He contends the notice was inadequate based on its timing and lack of specificity. The State concedes that the notice did not meet the applicable due process requirements because he was given less than 24 hours to prepare for the hearing. See Wolff v. McDonnell, 418 U.S. 539, 564, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974) (a brief period, no less than 24 hours, must be allowed for an inmate to prepare for a disciplinary hearing). We accept the concession.

Knoll also points out that the notice failed to specifically identify any jail rules violated or disciplinary incidents. The purpose of notice is to inform the inmate of "the charges and to enable him to marshal the facts and prepare a defense." Wolff, 418 U.S. at 564. In this case, the notice provided only the number of incident reports and disciplinary actions. Without further identification or description of the disciplinary

incidents at issue, the notice failed to provide sufficient information to enable Knoll to defend against the allegations.[1]

Knoll seeks the remedy of restoration of good time. However, the hearing did not result in the loss of previously earned good time earned that may now be restored. The remedy he is entitled to is rehearing. In re Pers. Restraint of Atwood, 136 Wn. App. 23, 146 P.3d 1232 (2006), is instructive.

In Atwood, the defendant was sentenced to prison upon his Ferry County convictions. After he was transferred to DOC custody, Atwood inquired about earned early release credit for time served in Ferry County Jail. He was informed that no credit had been awarded to him because of his involvement in "several incidents." Atwood, 136 Wn. App. at 25. Atwood filed a personal restraint petition contending that he was deprived of good time credit without due process. The Atwood court agreed:

> Wolff [v. McDonnell, 418 U.S. 539, 542, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974),] addressed the due process requirement for deprivation of good time credit at a prison. But due process is due process[,] whether the loss of good time credits follows a jail disciplinary procedure or a prison disciplinary procedure. Both have the potential of affecting an inmate's good time credits. Due process protects a liberty interest. And these Wolff requirements have been applied in a jail setting. Henderson v. Comm'rs of Barnstable County, 49 Mass. App. Ct. 455, 730 N.E.2d 362 (2000).
>
> The county here held no hearing before it denied Mr. Atwood's good time credit. Nor did the county give prior written notice of any claim of misconduct that would result in the loss of good time. Mr. Atwood's first notice of the jail's decision was its response to his inquiry why the jail had not certified any good time credit to the Department of Corrections. The county then responded that he

---

[1] Knoll fails, however, to demonstrate that he was denied due process because the jail hearing officer's decision was predetermined. While an impartial decision-maker is a fundamental requirement of due process in prison disciplinary proceedings, see Wolff, 418 U.S. at 592 (Marshall, J., concurring), Knoll's conclusory assertion is insufficient to establish bias.

had "incidents." But it did not detail the evidence of those incidents. The State argues that the jail's decision not to award Mr. Atwood good time was made in the exercise of discretion. That may be correct, but it ignores the requirements of Wolff.

Atwood, 136 Wn. App. at 28.

The case was remanded to Ferry County for proceedings to determine the amount of good time credit, if any, Atwood was entitled to by procedures comporting with the minimum due process protections set forth in Wolff.

Likewise here, Knoll is entitled to a disciplinary rehearing which includes: (1) adequate notice of the alleged violation, (2) an opportunity to present documentary evidence and call witnesses when not unduly hazardous to institutional safety and correctional goals, and (3) a written statement of the evidence relied upon and the reasons for the disciplinary action. In re Pers. Restraint of Gronquist, 138 Wn.2d 388, 396-97, 978 P.2d 1083 (1999). Due process will be satisfied if some evidence in the record supports the decision. In re Pers. Restraint of Johnston, 109 Wn.2d 493, 497, 745 P.2d 864 (1987). While it is true that Knoll is not entitled to litigate the underlying facts of his prior disciplinary incidents, the existence of those disciplinary incidents must be established to support the denial of good time premised on the prior incidents. See Gronquist, 138 Wn.2d at 400.

We remand for further proceedings.

For the court:

Cox, J

4