# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Personal Restraint Petition of:<br><br>JEFFREY KINZLE,<br><br>               Petitioner. | DIVISION ONE<br><br>No. 85562-0-I<br><br>UNPUBLISHED OPINION |

DWYER, J. — Jeffrey Kinzle seeks relief from personal restraint arising from the Department of Corrections' decision to reduce the total number of earned early release days earned from his time spent in custody at the Snohomish County Jail in light of the effect that decision had on the earned release dates for his consecutive indeterminate sentences. In his petition, Kinzle contends that the Department of Corrections (DOC) exceeded its authority by belatedly recalculating the earned early release days certified by the county jail. However, based on evidence provided by DOC, it was the county jail, rather than DOC, that altered the rate at which Kinzle earned early release days. Further, Kinzle has not demonstrated that he is unlawfully restrained by the adjustment to the start and end dates of the sentence he is presently serving. Thus, we deny the petition.

I

Kinzle is currently in DOC custody, serving the second of two consecutive, indeterminate sentences resulting from convictions on two separate cause numbers of class A felonies arising from events occurring on March 13, 2011.

As pertinent here, on March 18, 2011, Kinzle was arrested and confined to the Snohomish County Jail during the pendency of the criminal proceedings against him.

Following a trial, Kinzle was convicted of one count of indecent liberties by forcible compulsion under cause number 11-1-00709-4. The sentencing court imposed an indeterminate term of confinement of 102 months to life.

Following a second trial, Kinzle was convicted of one count of child molestation in the first degree under cause number 11-1-00710-8. The sentencing court imposed an indeterminate term of confinement of 171 months to life to be served consecutively to the term of confinement imposed on cause number 11-1-00709-4.

On October 2, 2012, Kinzle was delivered from the custody of the Snohomish County Jail to the custody of DOC. A county jail official reported to DOC that Kinzle had earned 215 early release days while confined in jail. In reliance on that report, DOC calculated that Kinzle's earned release date for his initial indeterminate sentence was December 18, 2018.[1] After Kinzle served that

_____

[1] The documents in the record are inconsistent as to the number of early release days earned by Kinzle while in the custody of Snohomish County Jail. As of the date of Kinzle's transfer to DOC custody, the jail reported 215 earned early release days. However, DOC's credit calculation and notice to Kinzle reported 88 days.

sentence, he began serving the indeterminate sentence imposed on his child molestation conviction.

Thereafter, in February 2023, an employee from DOC's quality assurance division reviewed the county jail official's calculations of Kinzle's good time credits and his earned release date pertaining to the indeterminate sentences discussed herein. Based on that review, the employee sent an e-mail to the county jail asking for clarification of the rate at which Kinzle accrued earned early release time while in custody at that facility.

In response, a county jail official informed the DOC employee that the jail's original calculation had used an incorrect rate of accrual to determine his number of good time credits. Because the sentences in question were imposed on convictions for class A felonies, according to the jail official, Kinzle's good time credits should have accrued at the rate of 10 percent—the rate applicable to class A felonies. However, the jail's original calculation appeared to utilize the rate of one-third—the rate applicable to class B felonies. Accordingly, the DOC employee recalculated Kinzle's earned early release days which resulted in changes to the earned release dates (ERD) on both cause numbers.

On February 16, 2023, Kinzle received a communication from DOC advising him that 33 days of confinement were being added to his sentence structure due to the adjustment of the rate at which he accrued earned early release time while in the county jail:

> Prior to this review, your Snohomish county cause 11007094 was receiving credits for good time based on 15%. The jail time applied was 503 and good time as 88. The adjustments to your credits

were: jail time 503 and good time: 55 as you were only eligible and per the jail only received 10%. This change resulted in an ERD change from 12/13/18 to 01/12/19. Which impacted your overall ERD from 10/09/31 to 11/08/31.

Kinzle submitted a grievance to DOC disputing the change. DOC responded that, "while still under the jurisdiction of the department[,] if an error is found, it must be amended[,] and the time of confinement will be changed in order to ensure the sentence has been completed as ordered."

In July 2023, Kinzle filed a personal restraint petition in this court, requesting that DOC reinstate the previously scheduled earned release date or, in the alternative, financially compensate him for the 33 days added to the sentence at an amount of $1,000 per day. The acting chief judge of this court dismissed his claim for monetary damages, referred his earned release date recalculation challenge to us for consideration on the merits, and appointed counsel for Kinzle.

II

Kinzle asserts that he is unlawfully restrained by the addition of 33 days to his indeterminate sentence and the resulting adjustment of the start and end dates of his terms of confinement. According to Kinzle, DOC did not timely challenge the jail's calculation of the early release days earned while in the custody of the Snohomish County Jail and then exceeded its authority by applying its own policy, instead of that of the Snohomish County Jail. We disagree.

4

A

To obtain relief through a personal restraint petition, the petitioner must demonstrate both that he is restrained pursuant to RAP 16.4(b) and that such restraint is unlawful pursuant to RAP 16.4(c). In re Pers. Restraint of Grantham, 168 Wn.2d 204, 212-13, 227 P.3d 285 (2010). Relief may be obtained by establishing either a constitutional violation or a violation of state law. In re Pers. Restraint of Costello, 131 Wn. App. 828, 832, 129 P.3d 827 (2006).

As a general matter, Washington law allows correctional facilities to reduce sentences of incarceration by "earned early release time," also known as "good-time." In re Pers. Restraint of Williams, 121 Wn.2d 655, 658, 853 P.2d 444 (1993); RCW 9.94A.729(1)(a). An inmate has a constitutionally protected, though limited, liberty interest in good-time credits. In re Pers. Restraint of Gronquist, 138 Wn.2d 388, 397, 978 P.2d 1083 (1999); Costello, 131 Wn. App. at 832. Accordingly, "a DOC decision that wrongfully denies an inmate good-time credits results in an unlawful restraint of the inmate and can be challenged in a [personal restraint petition] if the inmate has had no other means of obtaining judicial review of the decision." In re Pers. Restraint of Reifschneider, 130 Wn. App. 498, 501, 123 P.3d 496 (2005).

An inmate's ability to accrue earned early release time is established by RCW 9.94A.729(1)(a), which provides that "[t]he term of the sentence of an offender committed to a correctional facility operated by the department may be reduced by earned release time in accordance with procedures that shall be developed and adopted by the correctional agency having jurisdiction in which

5

the offender is confined." Thus, while an inmate is confined in a county jail, the award of good-time is governed by procedures established by that facility. Williams, 121 Wn.2d at 660.[2] As such, "the county jail retains complete control over the good-time credits granted to offenders within its jurisdiction." Williams, 121 Wn.2d at 665.

County jail facilities must develop and promulgate their own procedures by which inmates may earn good-time. RCW 9.92.151(1). A county jail policy may differ from that of DOC. In re Per. Restraint of Atwood, 136 Wn. App. 23, 28, 146 P.3d 1232 (2006). Indeed, for an inmate convicted of a sex offense that is a class A felony, RCW 9.94A.729(3)(c) prohibits DOC facilities from awarding earned early release time in excess 10 percent of the sentence, whereas RCW 9.92.151 allows a county jail to award up to 15 percent of the sentence as earned early release time. Upon transfer to DOC, the county jail must provide certification regarding the award of good time to the inmate. Williams, 121 Wn.2d at 660-61; RCW 9.94A.729(1)(b). If the certification meets the legal requirements, DOC is "entitled to accord that certification legal effect," and is not obligated to review the accuracy of certification from the county jail. Williams, 121 Wn.2d at 665.

---

[2] Williams considered former RCW 9.94A.150(1) (2001), the precursor to RCW 9.94A.729(1)(a), which states, in pertinent part, "'the terms of the sentence of an offender committed to a county jail facility, or a correctional facility operated by the department, may be reduced by earned early release time in accordance with procedures that shall be developed and promulgated by the correctional facility in which the offender is confined.'" 121 Wn.2d at 660 (italicization omitted) (quoting former RCW 9.94A.150(1)).

6

B

Kinzle avers that he is unlawfully restrained because DOC exceeded its authority by altering the rate at which he accrued earned early release time while incarcerated in the Snohomish County Jail. However, the documents provided by DOC prove otherwise.

As discussed above, DOC questioned the jail as to its calculation of the number of early release days earned by Kinzle while in the jail's custody and, in response, the jail acknowledged its inadvertent misapplication of its own policy. Thus, the Snohomish County Jail, rather than DOC, amended the accrual rate to 10 percent for the class A felony at issue in cause number 11-1-0079-4. Therefore, DOC did not usurp the control of the county jail to independently calculate earned early release time accrued while under the jail's supervision. Accordingly, Kinzle has not shown that he is unlawfully restrained by DOC's recalculation of his earned early release time to correspond to the jail's proper application of its own policy.

Kinzle also asserts that DOC cannot contest the jail's certification of earned early release days that it previously relied on to calculate his time served whereby DOC determined that he had completed his sentence on cause number 11-1-00709-4. According to Kinzle, "DOC now contends it has unlimited authority to question a jail's certification of good time and may alter a sentence at any time, even if the person is not technically serving time on that case."[3]

[3] As to the timing of the DOC inquiry into the accuracy of the jail certification, Kinzle avers that RCW 9.94A.585(7) is the proper mechanism and timeline by which DOC must dispute the jail's certification of earned early release time. RCW 9.94A.585(7) allows DOC to "petition for a review of a sentence committing an offender to the custody or jurisdiction of the department," with

However, this focus on the impact of the recalculated number of earned early release days on his prior completed sentence is misplaced. Kinzle is no longer under restraint from the sentence on that cause number, and, therefore, cannot be unlawfully restrained pursuant to that cause number for the purpose of a personal restraint petition. In focusing on the completed sentence, Kinzle ignores the fact that the end date of the first sentence impacts the start date for the consecutive sentence by which he is currently restrained. He provides no authority or reasoned argument as to how he is unlawfully restrained by properly establishing the start date of the sentence he is presently serving.[4] Therefore, we deny the petition.

Denied.

_____

the court of appeals "no later than ninety days after the department has actual knowledge of terms of the sentence." However, such review is "limited to errors of law." RCW 9.94A.585(7). The jail's correction of Kinzle's earned early release days is neither a term of the sentence nor an error of law.

Additionally, in his reply brief, Kinzle asserts that DOC should be bound by the general two-year statute of limitation period for most actions, as defined by RCW 4.16.130, if the 90-day limitation of RCW 9.94A.858(7) does not apply. This argument, raised for the first time in the reply brief, has been waived. See Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).

[4] Rather, the opposite is true, as improperly crediting excessive good time would begin the term of incarceration imposed for cause number 11-1-00710-8 before expiration of the sentence for cause 11-1-00709-4, thus resulting in sentences that are partially concurrent and violate RCW 9.93A.589(2)(a), which requires that for consecutive sentences "the latter term of confinement shall not begin until expiration of all prior terms of confinement." See In re Postsentence Review of Allery, 6 Wn. App. 2d 343, 347-48, 430 P.3d 1150 (2018).

WE CONCUR:

Díaz, J.                                   Hazelrigg, A.C.J.