[No. 72329-0. En Banc.]
Argued November 14, 2002. Decided March 6, 2003.

ROY STAHL, *Individually and on Behalf of a Class, Respondent*, v. DELICOR OF PUGET SOUND, INC., *Petitioner*.

*Patrick M. Madden* and *Steven R. Peltin* (of *Preston Gates & Ellis, L.L.P.*), for petitioner.

*Roblin J. Williamson* (of *Williamson & Williams*) and *Charles K. Wiggins* and *Kenneth W. Masters* (of *Wiggins Law Offices, P.L.L.C.*), for respondent.

JOHNSON, J. — In this case, we must determine whether delivery drivers and vending machine stockers, like Roy Stahl, are exempt workers under the retail sales exemption (RSE), RCW 49.46.130(3), of the Washington Minimum Wage Act (MWA), chapter 49.46 RCW. Delicor of Puget Sound, Inc., argues the Court of Appeals erred when it reversed the trial court's summary judgment dismissal of Stahl's suit. The Court of Appeals held that in order to earn a commission within the meaning of the MWA, an employee must be involved in the selling of a product or service and that Stahl did not earn a commission within the meaning of the act and is entitled to overtime pay. We disagree with the Court of Appeals interpretation of RCW 49.46.130(3) and hold the RSE to apply to all employees of retail and service establishments. We, therefore, agree with the trial court ruling and reverse the Court of Appeals decision.

## Facts

Delicor is a retail supplier and operator of food and drink vending machines. It contracts with companies to place vending machines in their cafeterias, lunchrooms, and snack areas. The vending machines offer a wide variety of food, drinks, and snacks directly to customers. Once Delicor contracts for an account, it is responsible for selecting, loading, and restocking items and collecting money from the machines. Over 95 percent of Delicor's gross income is derived from the retail sale of food and beverages.

Stahl is a route driver for Delicor. He has been employed with Delicor or its predecessor since 1987. Stahl spends most of his time traveling to Delicor machines, filling them with products, collecting the money, filling money changers, cleaning the vending machines and microwaves, and addressing concerns raised by businesses where the machines

are located. Stahl has some discretion in stocking the vending machines; he has the authority to vary what products are offered in a machine or at an account in order to maximize sales. Drivers such as Stahl do not have any involvement or power in the negotiation of the vending contracts which allow Delicor to place machines on the grounds of its clients.

Until mid-1997, Delicor paid all route drivers by the hour, and paid time-and-a-half overtime compensation for all time worked in excess of 40 hours per week. In 1997, Delicor and Teamsters Local No. 599 entered into a new collective bargaining agreement. Under the agreement, all newly hired route drivers were compensated on a commission basis. Drivers hired before January 1, 1997, were permitted to choose between the commission plan and hourly compensation. Under the commission plan, route drivers received $235 base salary per week plus five and one-half percent of the gross sales on all revenue from machines and any invoice drop of product with a guaranty of $14.25 per hour. The base pay was later reduced to $200 per week. Once the commission plan was implemented, Stahl immediately volunteered to switch from the hourly plan to the commission plan. Stahl believed he could make more money under this new plan. Later, in April 2000, Delicor and the Teamsters entered into a new agreement under which Delicor paid all drivers by commission.

On May 16, 2000, Stahl filed a lawsuit alleging Delicor's commission plan violated the Washington MWA. The complaint also asserted a class claim on behalf of all other route drivers. Delicor filed a motion for summary judgment on August 3, 2000, advancing a single argument: the plaintiff's (Stahl's) claim for overtime was barred because he was properly paid in compliance with RCW 49.46.130(3). The trial court granted Delicor's motion for summary judgment, stating the statute applies to any employee of a retail or service establishment. Stahl appealed the trial court's ruling to the Court of Appeals. The Court of Appeals reversed the trial court and held that an employee must be involved

principally in selling a product or service to fit within the meaning of the MWA overtime pay exemption. *Stahl v. Delicor of Puget Sound, Inc.*, 109 Wn. App. 98, 34 P.3d 259 (2001). The court further held Stahl did not earn a commission within the meaning of the MWA exemption and, thus, is entitled to time-and-a-half overtime pay. *Id.*

Analysis

The central issue concerns the interpretation of RCW 49.46.130 as applied to nonsales related employees like Stahl. Delicor argues the Court of Appeals erred when it held Stahl did not earn commission and, thus, is not a commissioned salesperson under the MWA. Stahl contends, and the Court of Appeals agreed, that the focus of the statutory analysis should be on the word "commissions." Its argument is that only salespeople can earn commissions and since Stahl does not make sales, the exemption does not apply.

■ ■ Employer exemptions from remedial legislation such as the MWA will be "narrowly construed and applied only to situations which are plainly and unmistakably consistent with the terms and spirit of the legislation." *Drinkwitz v. Alliant Techsystems*, 140 Wn.2d 291, 301, 996 P.2d 582 (2000). An employer bears the burden of establishing its exempt status. *Id.*

In general, the MWA requires employers to pay overtime to employees who work over 40 hours per week. Commissioned employees who work in the goods and services industry can be exempt if their base salary and commission meet certain requirements under the MWA. Ch. 49.46 RCW. The statutory exemption at issue states:

> No employer shall be deemed to have violated subsection (1) of this section by employing any employee of a retail or service establishment for a work week in excess of the applicable work week specified in subsection (1) of this section if:

(a) The regular rate of pay of the employee is in excess of one and one-half times the minimum hourly rate required under RCW 49.46.020; and

(b) More than half of the employee's compensation for a representative period, of not less than one month, represents commissions on goods or services.

In determining the proportion of compensation representing commissions, all earnings resulting from the application of a bona fide commission rate is to be deemed commissions on goods or services without regard to whether the computed commissions exceed the draw or guarantee.

RCW 49.46.130(3).

■■ When interpreting the RSE of the MWA, the first question to ask is whether the entity is a retail or service establishment.[1] RCW 49.46.010(7) defines such a place of business as: "an establishment seventy-five percent of whose annual dollar volume of sales of goods or services, or both, is not for resale and is recognized as retail sales or services in the particular industry." It is undisputed that 95 percent of Delicor's revenue comes from the direct sale of goods to consumers, so the only question is whether sales from vending machines are recognized in the industry as retail sales.

Under RCW 82.08.050, the Washington State Legislature subjects vending machine sales to retail sales tax. Vending machines are an end of the line transaction between the customer and vending company and are, thus, a consumer transaction. We are, therefore, satisfied that Delicor is a retail and service establishment within the meaning of RCW 49.46.130(3).

■ The question then turns to whether Stahl is a commissioned employee of Delicor. In order to decide that question we must determine what a commissioned em-

---

[1] Delicor filed a motion to strike a section of Respondent Stahl's brief which argued Delicor is not an establishment as defined by RCW 49.46.130. Delicor's motion to strike is denied. The issue was raised in Delicor's petition for review. Moreover, when reviewing a statute, this court looks at the statute as a whole, and it would be difficult to correctly interpret the relevant portions of RCW 49.46.130 without examining all of its provisions.

ployee is under the MWA. As defined by RCW 49.46.130(3), a commissioned employee is "any employee of a retail or service establishment" whose salary is in excess of one and one-half times minimum wage and more than half the employee's salary comes from commission on goods or services. A review of the statutory history of the RSE provides guidance in answering this question.

Before 1992, the Department of Labor and Industries (DLI) interpreted RCW 49.46.130(2)(h)[2] to incorporate the federal RSE into state law and numerous companies throughout Washington paid employees, including nonsales employees, using commission plans. In 1992, the DLI changed its interpretation. This change evidently caused confusion over the applicability of the RSE to certain nonsales employees. In 1997, the legislature adopted the current RSE, RCW 49.46.130(3), in response to the DLI's 1992 interpretation. The Senate Bill Report states the purpose of the new section (section (3)), is to create "conformity between state overtime pay standards and the federal Fair Labor Standards Act [of 1938, 29 U.S.C. §§ 201-219]." S.B. REP. SSB 5569, 55th Leg., Reg. Sess. 1-2 (Wash. 1997); Clerk's Papers (CP) at 533. As the sponsor of the legislation stated, the provision was identical to the federal provision 29 U.S.C. § 207(i).

> "The bill before you is necessary to clarify the law governing overtime payments for commissioned employees of retail businesses. This measure brings nothing new to the law, but simply clarifies the law as understood in the industry and by the state

---

[2] RCW 49.46.130(2)(h) states:

"(2) This section [RCW 49.46.130] does not apply to:

". . . .

"(h) Any industry in which federal law provides for an overtime payment based on a work week other than forty hours. However, the provisions of the federal law regarding overtime payment based on a work week other than forty hours shall nevertheless apply to employees covered by this section without regard to the existence of actual federal jurisdiction over the industrial activity of the particular employer within this state. For the purposes of this subsection, 'industry' means a trade, business, industry, or other activity, or branch, or group thereof, in which individuals are gainfully employed (section 3(h) of the Fair Labor Standards Act of 1938, as amended (Public Law 93-259))."

from the time of adoption in 1975 to 1992 when a state agency chose to reinterpret the law through a guideline, thus creating severe confusion in the industry and causing substantial loss of income for commissioned employees . . . . The language before you simply . . . places the exact language of the federal overtime standard for commission retail employees into the text of state law . . . . This is a formula followed by the federal government and modeled in forty-three other states."

1 Senate Journal, 55th Leg., Reg. Sess. 619 (Wash. 1997) (remarks by Senator Schow on H.B. Rep. SSB 5569); CP at 478. Senator Schow's remarks discussed compensation for "commissioned employees," not just salespeople, and sought uniformity with the federal law. The senator's statements did not go unopposed. In both the House and the Senate, opponents proposed amendments that would add sales duties requirements. Representative Conway's proposed House amendment stated:

This subsection (3) applies only to the hours of employment in which, except for de minimis other duties performed at the direction of the employer, the employee is engaged exclusively in sales duties . . . . "Sales duties" include selling goods or services, duties incidental to or in conjunction with selling goods or services, inactivity pending a sales opportunity, or duties performed pending a sales opportunity in reasonable proximity to the employee's customary sales location.

H.B. Rep., SSB 5569, 55th Leg., Reg. Sess. (Wash. 1997) (House amendment failed Mar. 16, 1997); CP at 525. This and other amendments were rejected and the legislature ultimately passed Substitute Senate Bill 5569 with the term "any employee" and with no sales duties requirements.

 In enacting this section, the legislature broadly defined employee in RCW 49.46.010(5) to include any individual employed by an employer.[3] We find no indication the legislature intended this exemption to be applied only to employees who make retail sales. Moreover, the legislature used the term "any" to modify "employee," and Wash-

---

[3] RCW 49.46.010 does include a list of exclusions, none of which apply to Stahl.

ington courts have consistently interpreted the word "any" to mean "every" and "all." *State v. Tili*, 139 Wn.2d 107, 115, 985 P.2d 365 (1999). By phrasing the statute in such a way, the legislature has provided that all employees of a service and retail establishment can be paid under the RSE.

Since the Washington MWA is based on the Fair Labor Standards Act of 1938 (FLSA), a review of the federal exemption supports our conclusion. Under the FLSA, employees of service and retail establishments can be exempt from overtime if they are properly paid as commissioned employees by their employers. 29 U.S.C. § 207(i). Federal courts have recognized this in holding that nonsalespeople can qualify for the RSE. *See Brennan v. Sinor*, 391 F. Supp. 681 (N.D. Okla. 1974) (truck drivers hauling on a commission basis who earned 20 percent commission for the first 40 hours worked and 30 percent commission for hours worked in excess of 40 were not paid in violation of the FLSA); *Mechmet v. Four Seasons Hotels, Ltd.*, 825 F.2d 1173 (7th Cir. 1987) (service charges added by hotels and restaurants to banquet bills to compensate waiters over and above their standard hourly wage were commissions within the FLSA, such that the waiters were exempt from overtime pay); *Reich v. Delcorp, Inc.*, 3 F.3d 1181 (8th Cir. 1993) (carpet cleaning business was a service and retail establishment under the RSE, therefore employees receiving pay under a proper commission system were exempt from overtime wages).

Similarly, federal regulations that interpret the RSE point out the exempt status of employees holding nonsales related positions.[4] Under 29 C.F.R. § 779.307, employees

---

[4] 29 C.F.R. § 779.307 states: "Section 13(a)(2) as originally enacted in 1938 exempted any employee 'engaged in' any retail or service establishment. The 1949 amendments to that section, however, as contained in section 13(a)(2) and (4) exempted any employee 'employed by' any establishment described in those exemptions. The 1961 and 1966 amendments retained the 'employed by' language of these exemptions. Thus, where it is found that any of those exemptions apply to an establishment owned or operated by the employer the employees 'employed by' that establishment of the employer are exempt from the minimum wage and overtime provisions of the Act without regard to whether such employees perform their activities inside or outside the establishment. *Thus, such employees as*

such as collectors, repair and servicemen, outside salesmen, consumer survey and promotion workers, merchandise buyers, and *delivery men* employed by exempted retail or service establishments are exempt from the minimum wage and overtime provisions as long as they are paid under a valid commission system.

We hold the legislature in adopting RCW 49.46.130(3) provided that all employees of retail and service establishments could be paid under the RSE regardless of their duties. Consistent with our interpretation is the current interpretation of the DLI. The DLI adopted comprehensive interpretive guidelines relating to RCW 49.46.130(3) on January 2, 2002, to clarify the purpose of subsection (3). The guideline explains:

> Because RCW 49.46.130 (3) (a) and (b) sets forth language identical to that contained in the federal Fair Labor Standards Act at 29 U.S.C. § 207 (i), and because the purpose of the legislative amendment was to achieve conformity with federal law governing exemptions to overtime for certain employees of retail or service establishments, the Department of Labor and Industries hereby adopts federal Department of Labor definitions and interpretations of FLSA provisions which are identical to RCW 49.46.130 (3) (a) and (b).

*Administrative Policy*, State of Wash., DLI Employment Stds., No. ES.A.10.1, at 1 (issued Jan. 2, 2002); Pet. for Review App. A-21. Furthermore, interpretive guideline ES.A.10.2, entitled, "Frequently Asked Questions," poses and answers the question at issue in this dispute:

> **Are all employees of retail establishment exempted from the Minimum Wage Act if they are paid on a commission basis even if they do not make the sales?** If the establishment qualifies for the exemption—that is, 75 percent of dollar volume is not for resale and is recognized as retail sales or

---

*collectors, repair and service men, outside salesmen, merchandise buyers, consumer survey and promotion workers, and delivery men actually employed by an exempt retail or service establishment are exempt from the minimum wage and overtime provisions of the Act although they may perform the work of the establishment away from the premises.* As used in section 13 of the Act, the phrases 'employee of' and 'employed by' are synonymous." (Emphasis added.)

services—then **all employees** whose pay is at least 50 percent comprised from commissions are exempted from the overtime premium . . . whether they work in sales or in other activities.

DLI Employment Stds., No. ES.A.10.2, at 1-2 (second emphasis added); Pet. for Review App. A26-A27. The DLI finding coincides with the statutory provisions inherent in RCW 49.46.130(3) and the FLSA. Any employee of retail and service establishments can be exempt.

When adopting RCW 49.46.130(3), the legislature specifically provided that the exemption mirror the federal statute and apply to all employees. Stahl fits into this exemption as Delicor is a retail establishment, and he is a commissioned employee under RCW 49.46.130(3). As such, Stahl was properly paid as a commissioned employee and is not entitled to overtime pay. The Court of Appeals decision is reversed.

ALEXANDER, C.J.; MADSEN, SANDERS, BRIDGE, CHAMBERS, and OWENS, JJ.; and MORGAN and SMITH, JJ. PRO TEM., concur.

Reconsideration denied April 30, 2003.