

FILED
IN CLERK'S OFFICE
SUPREME COURT, STATE OF WASHINGTON
DATE AUG 0 4 2016

CHIEF JUSTICE

This opinion was filed for record
at 8:00 am on August 4, 2016

Supreme Court Clerk

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| DAVID COOPER and JERRY SCOTT, individually and on behalf of all those similarly situated, | ) ) ) ) | No. 91801-5 |
| Respondents, | ) ) ) | |
| v. | ) ) | En Banc |
| ALSCO, INC., a foreign corporation, | ) ) ) | |
| Appellant. | ) ) ) | Filed     AUG 0 4 2016 |

JOHNSON, J.—This case requires us to determine if Alsco Inc. is a "retail or service establishment" (RSE) under chapter 49.46 RCW for purposes of an exemption to the overtime pay requirement. *See* RCW 49.46.010(6). The trial court granted the employees' motion for summary judgment regarding entitlement to overtime pay, finding that Alsco is not an RSE for purposes of the overtime pay exception. In granting the employees' subsequent motion for summary judgment on the issue of calculating the amount of overtime due, the court calculated the "regular rate of pay" by dividing the total weekly compensation actually paid by 40 hours, not by hours actually worked. We accepted direct review. We reverse the

trial court and hold that Alsco is an RSE for purposes of the overtime pay requirement.

FACTS AND PROCEDURAL HISTORY

Alsco is a textile rental and sales company that supplies uniforms, linens, and other products to other businesses in industrial, hospitality, health care, and other fields. Alsco does not provide products or services for resale. Alsco and its employees are covered by a collective bargaining agreement (CBA).[1]

Alsco provides three services to its customers: (1) the rental and servicing of linens and uniforms, (2) the rental and servicing, including repair, replacement, and refilling, of washroom and hygiene products, and (3) the direct sale of janitorial products, garments, and linens. Its employees deliver clean goods, such as uniforms and towels, to other businesses and pick up soiled goods, which Alsco takes back to its facilities for washing. Alsco sells some goods to businesses, such as mops and paper towels. Both parties agree that Alsco does not provide any goods for resale by their customers.

Alsco employees who deliver and pick up the goods can choose to be paid either by the hour or by commission with a base salary. For those who choose to be

---

[1] No dispute exists that the employees received what the CBA provided. A CBA cannot evade Minimum Wage Act, chapter 49.46 RCW, requirements if it applies. *See Hisle v. Todd Pac. Shipyards Corp.*, 151 Wn.2d 853, 93 P.3d 108 (2004).

paid on commission, the commission portion comprises over half of their total pay. Alsco does not pay commissioned employees any greater compensation for hours they work over 40 in a week.

A class of commissioned delivery employees filed suit against Alsco, claiming entitlement to overtime pay under the Minimum Wage Act (MWA), chapter 49.46 RCW, and alleging Alsco willfully withheld wages in violation of the MWA. Alsco and the employees filed cross motions for summary judgment. Alsco argued that it is exempt from paying commissioned workers overtime because it is an RSE for purposes of the overtime exemption in RCW 49.46.130(3). Alsco also claimed it had not willfully withheld wages because the commission-based wage system was negotiated as part of the CBA.

The trial court granted the employees' motion regarding entitlement to overtime, finding that Alsco is not an RSE for purposes of the overtime exemption. In the same order, the trial court granted Alsco's motion that the alleged wrongful withholding of overtime was not willful[2] and also denied, without prejudice, the employees' motion as to the method for calculating unpaid overtime, leaving that issue for later.

---

[2] The issue of willful withholding of wages has not been pursued here.

Next, the trial court certified the questions regarding the applicability of the retail or service exemption and willful withholding of wages to the Court of Appeals, which declined to grant discretionary review. The Court of Appeals explained that the trial court could resolve the remaining issues relatively quickly and that immediate review would not materially advance the ultimate resolution of the litigation. The parties, back in trial court, filed cross motions on the remaining issue of how to calculate the amount of overtime owed to the employees by Alsco. The court granted the employees' motion and denied Alsco's. The court calculated the "regular rate of pay" for overtime purposes by dividing the total weekly compensation actually paid by 40 hours rather than all hours actually worked.

Alsco appealed directly to this court, arguing that there are conflicting decisions among the Court of Appeals and a conflict with this court's decisions, and that this case involved a fundamental issue of broad public importance requiring prompt and ultimate determination. RAP 4.2(a)(4). We accepted direct review.

### ANALYSIS

The issue is one of statutory interpretation. We review statutory interpretation questions de novo. *State v. Azpitarte*, 140 Wn.2d 138, 140-41, 995 P.2d 31 (2000). Unambiguous statutes are not subject to judicial interpretation; we must determining the meaning of the statute based on the statutory language.

4

*Harmon v. Dep't of Soc. & Health Servs.*, 134 Wn.2d 523, 530, 951 P.2d 770 (1998).

Alsco contends that its commission-based-pay employees are exempt employees under the "retail or service" exemption under the MWA. RCW 49.46.010(6). Washington's MWA generally requires employers to pay employees one and one-half times their regular rate of pay for any hours worked over 40 hours in a week. RCW 49.46.130(1).[3] However, at issue here, the MWA expressly exempts employees who work for an RSE if their regular rate of pay exceeds one and one-half times the minimum wage and more than half of the employee's compensation represents commissions on goods or services.[4]

The RSE exemption to the MWA states:

> No employer shall be deemed to have violated subsection (1) of this section by employing any employee of a *retail or service establishment* for a workweek in excess of the applicable workweek specified in subsection (1) of this section if:
> (a) The regular rate of pay of the employee is in excess of one and one-half times the minimum hourly rate required under RCW 49.46.020; and

---

[3]"Except as otherwise provided in this section, no employer shall employ any of his or her employees for a workweek longer than forty hours unless such employee receives compensation for his or her employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he or she is employed."

[4] The statute does not differentiate between sales of services or goods. We similarly make no effort to distinguish Alsco's transactions that are sales of goods from those which are sales of services.

(b) More than half of the employee's compensation for a representative period, of not less than one month, represents commissions on goods or services.

RCW 49.46.130(3) (emphasis added). It is uncontested that the commission-based-pay employees here are paid over one and a half times the minimum wage and that commissions make up over half of their pay. The issue then is whether Alsco is an RSE under the statute.

RCW 49.46.010(6) defines an RSE as "an establishment seventy-five percent of whose annual dollar volume of sales or goods or services, is not for resale and is recognized as retail sales or services in the particular industry." It is undisputed that the products sold by Alsco to other businesses are used by the businesses and are not resold to individuals. The dispositive question is whether it is "recognized as retail sales or services in the particular industry."

The trial court reasoned that Alsco's sales are not recognized as retail sales or services in the particular industry because they are to other businesses pursuant to long term contracts and because Alsco lacks a retail concept. The trial court explained that Alsco's customers may be "the end of the line" in the sense that the customer's employees wear the uniforms, but they do so only as a means to assist their own employers in their efforts to make a profit by selling their own goods or services to the general public. In essence, the trial court seemingly determined

Alsco is not an RSE because it contracts with other businesses on a long term basis. That reasoning misreads the statute.

While there is little guiding Washington precedent on whether a business meets the definition of an RSE, we considered whether a vending machine business was an RSE in *Stahl v. Delicor of Puget Sound, Inc.*, 148 Wn.2d 876, 64 P.3d 10 (2003). Alsco primarily asserts the trial court's determination that Alsco is not an RSE conflicts with our decision in *Stahl*. In that case, we addressed whether sales of goods and services are recognized as retail in the particular industry. In *Stahl*, 95 percent of the employer's revenue came from direct sales to consumers, but the question remained whether sales from vending machines were "recognized in the industry" as retail sales. *Stahl*, 148 Wn.2d at 882. We held that vending machine sales are recognized as retail sales by the industry, observing that vending machine sales are subject to the retail sales tax and are "end of the line" transactions between the vending company and the ultimate consumer. *Stahl*, 148 Wn.2d at 882.

The factors discussed in *Stahl* are helpful in the situation present here. First, Alsco's sales are taxed under Washington's retail sales tax under RCW 82.08.0202, which provides:

> [P]roviding customers with a supply of clean linen, towels, uniforms, gowns, protective apparel, clean room apparel, mats, rugs, and similar items, whether ownership of the item is in the person operating the

7

> linen and uniform supply service or in the customer [is a retail sale
> and subject to retail sales tax].

This tax treatment factors heavily in deciding the applicability of the RSE exemption. It makes sense that if the business transactions are taxed as being retail, then the business is, in fact, engaged in retail sales under the exemption. Second, Alsco's sales are "end of the line" sales. None of Alsco's goods or services are resold. This also weighs heavily in the RSE determination. These factors are those on which *Stahl* focused.

The distinction between the present case and *Stahl* is that here, Alsco's customers are other businesses, which the trial court focused on in its conclusion that Alsco was not an RSE because its business customers used Alsco's products and services "as a means to assist their own . . . efforts to make a profit by selling their own goods or services to the general public." Clerk's Papers at 803. But such a distinction is not found in RCW 82.08.0202. Many businesses sell products to other businesses at retail. That Alsco's sales are predominately high volume does not control whether those sales are retail. A business can sell services at large volume and still be considered retail. High volume sales do not negate the definition of "retail."

While Alsco's "products" do not fit into the category of what one intuitively considers retail, the statutory language controls. Alsco provides its customers three

services: (1) the rental and servicing of linens and uniforms, (2) the rental and servicing of washroom and hygiene products, and (3) the direct sale of janitorial products, garments, and linens. These "products" are providing goods *and* services. The statute applies to both goods and services. The statutory definition of "retail" undercuts the intuitive sense of what is retail. But we are analyzing those statutory definitions. Retail businesses are not limited to establishments where consumers enter, take goods off shelves, and purchase at a register. Retail businesses are also entities that sell "goods and services." The service here that Alsco provides includes supplying uniforms, towels, and linens that the customer purchases or rents from Alsco. The core of Alsco's business is selling a "service" in the statutory sense, specifically the rental of linens and garments. The laundering of the product by Alsco could be performed by another company or the customer themselves. Here, the essence of the transaction subject to the sales tax is the providing of the clean linens and uniforms. RCW 82.08.0202 includes "providing customers with a supply of clean linens, towels, uniforms, . . . and similar items, whether ownership of the item is in the person operating the linen and uniform supply service or in the customer" as a retail sale and subject to retail sales tax.

Simplifying the transaction in analyzing RCW 82.08.0202 is somewhat helpful. Where a business rents uniforms to a customer for an event, RCW 82.08.0202 provides that this is a retail transaction. Where the customer is another

9

business, the transaction retains its retail treatment. The statute draws no distinction between individual versus business customers. The laundering and return of uniforms to the customer, under RCW 82.08.0202, is similarly designated a retail transaction. The statutory characterization is not affected or limited based on the duration of the relationship, the volume of business, or the fact that businesses are involved. Under RCW 82.08.0202, no language exists supporting the trial court's conclusion.

Alsco identifies a similar federal case that interprets the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §§ 201-219, as exempting business-to-business sales of goods or services as retail sales as long as the receiving business is the ultimate user.[5] In *Alvarado v. Corporate Cleaning Services, Inc.*, 782 F.3d 365 (7th Cir. 2015), where employees of a window washing business sued their employer, seeking overtime pay allegedly due to them under the FLSA, the court held that the business met the RSE requirement because it sold its window cleaning services to the ultimate customers, even though most of their customers were other businesses, namely building owners and managers. Particularly instructive here, the court in *Alvarado* rejected the argument that the window washing companies'

_____

[5] Because the MWA is patterned on the FLSA, we will often turn to federal authority interpreting the FLSA for guidance. *See Hisle*, 151 Wn.2d at 862 n.6 (recognizing that the FLSA is persuasive authority because the MWA is based on the FLSA).

services were not retail because other business used the services to make a profit, explaining:

> It would be absurd to suggest that a dealer in motor vehicles, when it sells a truck to a moving company, is "wholesaling" the truck because the buyer will doubtless try to recover the cost of the purchase in the price he charges for his moving services, which utilize the truck.

*Alvarado*, 782 F.3d at 369. This case and the factors analyzed in *Stahl* support the determination that Alsco is an RSE.

The employees argue that Alsco is not an RSE because most of its business involves long term contracts and high-volume sales. They cite federal regulations implementing the FLSA that provide an RSE is one that typically "sells goods or services to the general public . . . in small quantities" and that generally "will not be considered a retail or service establishment . . . if it is not ordinarily available to the general consuming public." 29 C.F.R. §§ 779.318(a), § 779.319. However, those same regulations also provide that the retail exemption is intended to "extend in some measure beyond consumer goods and services to embrace certain products almost never purchased for family or noncommercial use." 29 C.F.R. § 779.318(b). Further, federal courts have recognized that "'[d]espite this reference to supplying goods and services to the general public, . . . the provision of goods and services to commercial customers does not necessarily prevent an establishment from qualifying as a retail or service establishment.'" *Charlot v. Ecolab, Inc.*, 136 F.

11

Supp. 3d 433 (E.D.N.Y. 2015) (first alteration in original) (quoting *Kelly v. A1 Tech.*, No. 09 Civ. 962(LAK)(MHD), 2010 WL 1541585, at *12 (S.D.N.Y. Apr. 12, 2010) (court order) (holding that the supplier of cleaning and related equipment to restaurants, hotels, and other businesses may be an RSE for purposes of commission-based-pay employee exemption under FLSA)).

Importantly, the federal regulations cited by the employees do not directly control interpretation of our state's MWA, and we find no language in the definition of an RSE under our act restricting the definition to businesses that sell to individuals. Like the MWA, the FLSA requires overtime pay of one and one-half times the regular rate for every hour worked beyond 40. 29 U.S.C. § 207(a)(1). Alsco correctly points out that the FLSA does not require that a business sell to individuals to qualify as an RSE. And, Congress amended the FLSA in 1949 to specifically allow business-to-business sales to qualify as retail sales.

After the 1949 amendments, the definition of "retail sales" was broadened to include sales to customers who are businesses in addition to individuals. Ch. 736, § 3, 63 Stat. 911; *see Schultz v. Crotty Bros. Texas*, 310 F. Supp. 761, 766 (E.D. Tex. 1970) ("There can be no question that [the 1949] amendments have broadened the scope of the § 13(a) (2) exemption."). Congress replaced the previous "consumer use" test when it amended the FLSA in 1949 to allow employers who sell goods

12

and services to other businesses to qualify for the retail sales exemption. Ch. 736, §
3, 63 Stat. 911.

Since then, federal courts have held that the retail sales or service
establishment exemption under the FLSA applies to employers engaged in
business-to-business sales even where the business engages in those types of sales
exclusively. In *Idaho Sheet Metal Works, Inc. v. Wirtz*, 383 U.S. 190, 86 S. Ct. 737
15 L. Ed. 2d 694 (1966), the Court held that a tire merchant was not an RSE on the
basis that it sold tires at discount prices to businesses for use on their vehicle fleets.
The employees draw a comparison between Alsco's large volume contracts and the
equipment sold in *Idaho Sheet Metal*. However, the decision in *Idaho Sheet Metal*
was guided not by the volume of sales in question, but by the secretary of labor's
rule specifying that sales to fleets of five or more vehicles at wholesale prices are
not retail sales. *Idaho Sheet Metal*, 383 U.S. at 208. The *Idaho Sheet Metal* opinion
noted that the secretary's rule was intended to further specific legislative intent to
exclude certain types of sales made at deep discounts and in quantity. *See Idaho
Sheet Metal*, 383 U.S. at 192-93. In this state, no similar rule excluding businesses
that sell in quantity from the RSE definition under the MWA exists. *Idaho Sheet
Metal* is not that helpful because that case involved a former version of the FLSA,
under which all retail employees were exempt from overtime pay requirements, not
just those paid on commission.

Additional federal cases support Alsco's position. *English v. Ecolab, Inc.*, No. 06 Civ. 5672, 2008 WL 878456 (S.D.N.Y. Mar. 31, 2008) (court order), held that sales to other businesses pursuant to long term contracts—in that case, pest extermination services—were retail sales. The employees attempt to distinguish this case by pointing to the facts that the exterminators were free to set their own schedules, which would allow them to "game" the overtime system, and that they were skilled workers, so the company could not hire more workers to avoid overtime. However, whether the employees do or do not control their schedules is not helpful in deciding whether the exemption applies. As we discussed in *Stahl*, an employee's job duties do not affect whether he or she is paid a bona fide commission for purposes of the retail service exemption. An employee who has no involvement in sales is exempt from overtime as long as the employee's commission is tied to the amount charged to the customer and the remaining requirements of the exemption are met. *Stahl*, 148 Wn.2d at 886-87.

The employees point out that the businesses in *English* that purchase the pest extermination services primarily benefit from those services, as opposed to the individuals who patronage the ostensibly pest-free businesses. But the employees cite no authority that the RSE determination turns on who receives the benefit. As Alsco points out, such a definition would mean that a business-to-business sale

14

could never be retail, which, as explained above, is contrary to both federal and Washington law.

In an attempt to further distinguish the present case from *English*, the employees cite to another federal case. *Cancilla v. Ecolab, Inc.*, No. C 12-03001 CRB, 2013 WL 1365939 (N.D. Cal. Apr. 3, 2013) (court order) (denying Ecolab's summary judgment motion asserting the RSE; Ecolab eventually settled following certification of an FLSA collective action). The facts in *Cancilla* are distinguishable from the present case. Unlike the service technicians involved in that case, who had no way to increase their compensation, the employees here can and do sell more products to increase their commission-based pay.

Lastly, the employees rely on four federal cases in support of their argument that Alsco's sales should not be recognized as retail because Alsco limits its operation to long term volume rental to commercial customers. Resp'ts/Pls.' Resp. to Appellant Alsco Inc.'s Opening Br. at 13; *see Idaho Sheet Metal*, 383 U.S. at 206; *Martino v. Mich. Window Cleaning Co.*, 327 U.S. 173, 66 S. Ct. 379, 90 L. Ed. 603 (1946); *Schultz v. Instant Handling, Inc.*, 418 F.2d 1019 (5th Cir. 1969); *Acme Car & Truck Rentals, Inc. v. Hooper*, 331 F.2d 442, 447-48 (5th Cir. 1964). All four of these cases rely on a definition of an RSE under a section of the FLSA that was repealed in 1989. Pub. L. No. 101-157, 103 Stat. 939. Under the previous section 213(a)(2) of the FLSA, RSE was defined to include those employers who

operated only on a small scale in the local community, so-called "mom and pop" businesses. Section 213(a)(2) did not require that employees be paid on a commission basis because that section was not concerned with the exempt status of employees paid on a commission, unlike the exemption at issue here. Significantly, Congress repealed section 213(a)(2) in 1989. Pub. L. No. 101-157, 103 Stat. 939. Federal courts in those previous cases necessarily found that the businesses were not RSEs because the definition of an RSE was much narrower. Since this provision was repealed, these cases are not helpful. High volume sales no longer control; a business now can sell a larger or smaller quantity of goods and services, which does not negate the definition of "retail."

Under the statute, the exemption extends to businesses where its customers are other businesses, as long as its sales are not for resale and are recognized in the industry as retail—in other words, as long its sales are subject to the retail sales tax, its sales are "end of the line" transactions, and the goods and services being sold are not for resale.[6] Alsco meets these requirements. We reverse and remand

---

[6] The statute is limited by its own terms; the RSE exemption applies only if the employer is an RSE and the employees' regular rate of pay exceeds one and one-half times the minimum wage, and more than half of the employees' compensation represents commissions on goods or services. Any concern about an ostensibly broad definition of an RSE is tempered by the other wage-based statutory requirements to the exemption.

*Cooper v. Alsco, Inc.*, No. 91801-5

for entry of judgment for Alsco.[7]



WE CONCUR:

Madsen, C.J.

Wiggins, J.

Owens, J.

González, J.

Fairhurst, J.

George McCloud, J.

Stephens, J.

Yu, J.

---

[7] Because we hold that Alsco is an RSE and therefore its employees are not entitled to overtime pay, we need not address whether the trial court erred in determining the formula for calculating the overtime rate.

17