# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Personal Restraint of<br><br>PHILLIP LAMONT ALEXANDER,<br><br>Petitioner. | No. 75934-5-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION<br><br>FILED: July 23, 2018 |

LEACH, J. — Phillip Alexander collaterally challenges his sentences for assault in the second degree and burglary in the first degree. Alexander's challenge to his term of confinement on those counts is moot because we can provide no relief: he has served the term of confinement. But the combined term of confinement and community placement on the assault 2 count exceeds the statutory maximum. So we remand for the trial court to amend the sentence.

## Background

In 1998, a jury convicted Alexander of assault in the first degree, assault in the second degree, and burglary in the first degree. The sentencing court calculated Alexander's offender score as 9 for the assault 1 and burglary 1 counts and 8 for the assault 2 count. The court imposed a 60-month firearm enhancement on each count. With the firearm enhancements, the court

calculated total standard range sentences of 113-130 months for the assault 2 count, 147-176 months for the burglary count, and 300-378 months for the first degree assault count. The court sentenced Alexander to the low end of the range for each count. It also imposed a term of community placement. The sentences ran concurrently.

## Analysis

Alexander makes several collateral challenges to his sentence. To obtain collateral relief by a personal restraint petition (PRP), a petitioner must establish that a constitutional error has occurred and it has resulted in actual and substantial prejudice or that a nonconstitutional error has caused a complete miscarriage of justice.[1]

First, he claims the court miscalculated the offender score and standard range for the burglary count. Second, he claims that a 60-month firearm enhancement on the assault 2 count exceeded the court's authority. Third, he claims the combined term of incarceration and community placement for assault 2 exceeded the statutory maximum sentence. We agree. But his claims about the offender score and the firearm enhancement are moot because he has already served the period of confinement on those counts. Thus, we cannot provide any effective relief by remanding to correct those errors. Because Alexander has not served his community placement time, however, his challenge

---

[1] In re Pers. Restraint of Grantham, 168 Wn.2d 204, 212, 227 P.3d 285 (2010) (quoting In re Pers. Restraint of Isadore, 151 Wn.2d 294, 298, 88 P.3d 390 (2004)).

to the combined sentence on the assault 2 count is not moot. We remand so the trial court can amend his sentence accordingly.

First, Alexander contends that the judgment and sentence reflects an incorrect offender score and standard range for the burglary count. In his petition, Alexander initially claimed that the court incorrectly calculated his offender score for all three counts. But in his supplemental brief, he acknowledges that the court only erred on the offender score for the burglary 1 count. We agree and explain.

Alexander initially asserted that the trial court incorrectly included a prior conviction for unlawful imprisonment in his offender score. He relied on a previous opinion by this court in a direct appeal under a different cause number. There, we remanded for resentencing after the trial court improperly included an unlawful imprisonment conviction in Alexander's offender score.[2] We decided that the unlawful imprisonment conviction involved the same criminal conduct as a robbery conviction. Thus, the trial court improperly included both convictions when calculating Alexander's offender score.[3] In his petition, Alexander claims that the trial court made the same error when calculating the offender scores on all three convictions in this case. But examining the offender scores reveals that the trial court did not use the unlawful imprisonment conviction.

---

[2] See State v. Anderson, noted at 98 Wn. App. 1014, slip op. at 5-8 (1999) (Tonelli Anderson and Alexander were codefendants, but only Alexander appealed.).

[3] Anderson, slip op. at 7-8.

The trial court properly counted the assault in the first degree offender score as nine:  three points for his prior assault in the first degree conviction,[4] two points for his prior robbery in the first degree conviction,[5] and two points each for his current offenses of assault in the second degree and burglary in the first degree.[6]  The court also correctly calculated the assault in the second degree score as eight:  two points for his prior assault in the first degree and robbery in the first degree convictions[7] and two points for his current offenses of assault in the first degree and burglary in the first degree.[8]  His offender score for burglary in the first degree should likewise have been eight:  two points for his prior

---

[4] Former RCW 9.94A.360(10) (1995) ("If the present conviction is for Murder 1 or 2, Assault 1, Assault of a Child 1, Kidnapping 1, Homicide by Abuse, or Rape 1, count three points for prior adult and juvenile convictions for crimes in these categories.").

[5] Former RCW 9.94A.360(9) ("If the present conviction is for a violent offense . . . , count two points for each prior adult and juvenile violent felony conviction."); former RCW 9.94A.030(38)(a) (1996) (defining "violent offense" as "[a]ny felony defined under any law as a class A felony"); former RCW 9A.36.011(2) (1986) ("Assault in the first degree is a class A felony."); former RCW 9A.56.200(2) (1975) ("Robbery in the first degree is a Class A felony.").

[6] Former RCW 9.94A.400(1)(a) (1996) ("whenever a person is to be sentenced for two or more current offenses, the sentence range for each current offense shall be determined by using all other current and prior convictions as if they were prior convictions for the purpose of the offender score"); former RCW 9.94A.360(9); former RCW 9.94A.030(38)(a) (class A felonies are violent offenses and assault in the second degree is a violent offense); former RCW 9A.52.020(2) (1996) ("Burglary in the first degree is a class A felony.").

[7] Former RCW 9.94A.360(9); former RCW 9.94A.030(38)(a); RCW 9A.56.200(2).

[8] Former RCW 9.94A.400(1)(a); former RCW 9.94A.360(9); former RCW 9.94A.030(38)(a); former RCW 9A.36.011(2) (1986) ("Assault in the first degree is a class A felony.").

assault in the first degree and robbery in the first degree convictions[9] and two points for his current offenses of assault in the first degree and assault in the second degree.[10] But the trial court incorrectly calculated the burglary offender score as nine. The court miscalculated only the offender score for the burglary count.

The State concedes that the trial court miscalculated the burglary offender score. But it contends that this court should not consider the issue, claiming that Alexander did not timely file his attack on a facially valid judgment and sentence. RCW 10.73.090 prohibits a collateral attack on a judgment and sentence in a criminal case more than one year after the judgment becomes final "if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction." We do not reach the facial invalidity question because the issue is moot.

"A case is moot if a court can no longer provide effective relief."[11] A PRP is moot when the offender has fully served his sentence.[12] Alexander does not show how we can provide effective relief by remanding for resentencing. He acknowledges that the confinement portion of his burglary sentence has expired.

---

[9] Former RCW 9.94A.360(9); former RCW 9.94A.030(38); former RCW 9A.36.011; former RCW 9A.56.200(2).

[10] Former RCW 9.94A.400(1)(a); former RCW 9.94A.360(9); former RCW 9.94A.030(38)(a); former RCW 9A.36.011.

[11] Orwick v. City of Seattle, 103 Wn.2d 249, 253, 692 P.2d 793 (1984).

[12] In re Pers. Restraint of Bovan, 157 Wn. App. 588, 592, 238 P.3d 528 (2010); In re Pers. Restraint of Erickson, 146 Wn. App. 576, 582, 191 P.3d 917 (2008).

He claims, however, that the issue is not moot because if he were resentenced, the sentencing court would have discretion to address his request for an exceptional sentence downward on the assault 1 count because of his youth at the time he committed the offenses. He relies on our Supreme Court's more recent decision that a defendant's youth can be a mitigating factor justifying an exceptional sentence below the standard range and that change in law is a significant change in law that applies retroactively.[13] But Alexander's argument is based on pure speculation. The record contains no indication that the court would impose an exceptional downward sentence.

Alexander also argues that a judgment and sentence indicating an offender score of 9 rather than 8 could adversely influence a court's discretionary decision in a future sentencing. But our decision not to remand for resentencing today does not preclude Alexander from demonstrating in a future sentencing proceeding that the judgment and sentence in this case reflects an improper offender score. The issue is moot.

Second, Alexander contends and the State concedes that the firearm enhancement for assault 2 should be 36 months, not 60 months. Assault 2 is a

---

[13] State v. O'Dell, 183 Wn.2d 680, 698-99, 358 P.3d 359 (2015) ("We hold that a defendant's youthfulness can support an exceptional sentence below the standard range applicable to an adult felony defendant, and that the sentencing court must exercise its discretion to decide when that is."); In re Pers. Restraint of Light-Roth, 200 Wn. App. 149, 160, 401 P.3d 459 (concluding that O'Dell announced "a significant change in the law"), review granted, 189 Wn.2d 1030 (2017).

class B felony.[14] The firearm enhancement for a class B felony is 36 months.[15] But the court imposed a 60-month enhancement on that count. When the trial court imposes a sentence in excess of statutory authority, the defendant is entitled to be resentenced.[16] But, like on the burglary 1 count, Alexander has already served the period of confinement on this count. Alexander does not show that the court can offer any relief on remand, so this issue is also moot.

Finally, Alexander contends and the State concedes that the court exceeded its statutory authority when it imposed a combined term of incarceration and community placement of 125 months on the assault 2 count. The combined term of confinement and community placement cannot exceed the statutory maximum.[17] The statutory maximum for assault 2 is 120 months.[18] The court imposed 113 months' confinement plus a 12-month term of community placement, thus exceeding its statutory authority. We remand for the court to amend the sentence to comport with the maximum sentence allowed by law.

---

[14] Former RCW 9A.36.021(2) (1988). The offenses occurred on April 7, 1997. Thus, for sentencing purposes we look to the statutes in effect on that date. State v. Varga, 151 Wn.2d 179, 191, 86 P.3d 139 (2004).

[15] Former RCW 9A.94A.310(3)(b).

[16] In re Pers. Restraint of Goodwin, 146 Wn.2d 861, 868-69, 50 P.3d 618 (2002).

[17] Former RCW 9.94A.120(13) (1996).

[18] Former RCW 9A.20.021(1)(b) (1982); former RCW 9A.36.021(2).

## Conclusion

We remand to the trial court solely for correction of Alexander's sentence on the assault 2 count.

_Leach, J._

WE CONCUR:

_Andrus, J._  _Schindler, J._